# SUPREME JUDICIAL COURT

##### FOR THE

## COUNTIES OF SUFFOLK AND NANTUCKET, MARCH TERM, 1849, AT BOSTON.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL S. WILDE,
Hon. CHARLES A. DEWEY, }
Hon. THERON METCALF, } Justices.
Hon. RICHARD FLETCHER, }

---

### Ezra C. Andrews *vs.* Albert H. Brown.

A decree in admiralty, that the possession of a certain vessel should be delivered to the libellant, on the ground, that the libellee had violated a contract for the sale and delivery thereof by the libellant to him, is a good bar to a bill in equity by the libellee against the libellant, for a specific performance of the same contract; provided such violation was material to the decision of the libel, was put in issue therein, and was decided by the court; but if such violation was not material; or if the case was not decided on that point; or if it be ambiguous, or not apparent on the face of the decree, on what ground the decision was made; such decree is not conclusive evidence of the fact of a violation of the contract.

Where there is a plea to a bill in equity, and an answer in support of the plea, no question can be raised by the answer, which is not raised by the plea.

In a bill in equity for the specific performance of a contract, or, in the alternative, for compensation to the plaintiff in damages, if it appear, that the defendant has put it out of his power to perform the contract specifically, the court may retain the bill and award damages to the plaintiff.

THIS was a bill in equity for the specific performance of a written contract. The prayer of the bill was for a discovery, and that the defendant might be held to the performance of his contract, or in default of performance, to the payment of the damages which might be thereby sustained by the plaintiff. The facts of the case, and the pleadings, so far as they are necessary to be stated, with reference to the principal point decided, are sufficiently set forth in the opinion of the court.

The cause was argued and decided at the last March term.

*B. F. Hallett*, for the plaintiff, contended, that if the defendant had put it out of his power to perform the contract, the court had authority to decree the plaintiff a compensation in damages. Story, Eq. J., §§ 796, 797 ; 1 Cow. 755 ; Rev. Sts. *c.* 118, § 43.

*R. H. Dana, Jr.*, for the defendant, referred to Story, Eq. J., §§ 796, 797, 798 ; *Denton* v. *Stewart*, 1 Cox, 258 ; *Greenaway* v. *Adams*, 12 Ves. 395 ; *Gwillim* v. *Stone*, 14 Ves. 128 ; *Todd* v. *Gee*, 17 Ves. 273 ; *Blore* v. *Sutton*, 3 Meriv. 237 ; *Kempshall* v. *Stone*, 5 Johns. Ch. 193.

WILDE, J.  This is a bill for the specific performance of a written contract, by which the defendant agreed to convey to the plaintiff a certain schooner, upon terms which the plaintiff in the bill avers have been on his part fully performed. The bill prays for a discovery, and that the defendant may be held and required to perform the contract on his part, or on failure so to do, that he may be held to account for and respond to the defendant for all damages by him sustained by reason of such failure.

As to that part of the bill which demands a specific performance, the defendant filed his plea thereto, in which he alleges that before the filing of this bill, he had filed a libel in the district court of the United States for the district of Massachusetts, in admiralty, praying for a decree that the possession of the vessel should be delivered to him, which, after a full hearing of the evidence, was so decreed by the district court, and the vessel was accordingly delivered

to him.   In the answer in support of the plea, it is averred that the pleadings in the libel disclosed the issue, namely, whether or not the plaintiff in this suit had violated the contract on his part, and that it was decided by the court that he had, and that therefore the libellant was entitled to treat the same as void.

It is also averred, that after he was put in possession of the vessel, he had sold the same, one half at one time, and the other half at another time, and each to a *bona fide* purchaser for a valuable consideration.   It is further averred, that in determining whether the plaintiff had violated his contract, the cause was decided upon equitable and legal principles and modes of proceedings, with a right to either party to require answers from the other under oath, after the manner of courts of civil and admiralty jurisdiction ; but it is admitted in the answer, that no other equities were regarded than such as could be properly tried in that suit.

Upon the hearing on the bill, plea, and answer in support of the plea, it was contended by the defendant's counsel, that the decree of the district court was conclusive evidence of the violation, on the part of the plaintiff, of the contract on which this bill is founded, so as to entitle the defendant to treat the same as void, and that the plea therefore was a bar to this suit.   And, undoubtedly, if the violation of the contract by the plaintiff was a fact material to the decision of that case, was put in issue by the parties, and was decided by the court, as alleged in the defendant's answer, the decision must be held to be a good bar to this suit.   On the other hand, if the alleged violation of the plaintiff's contract was not material to the decision of the case of the libel, or if the case was not decided on that point, or if it be ambiguous, or it does not appear, on the face of the decree, on what ground the case was decided, the decision is not conclusive evidence of the fact, and the plea must be overruled.   7 T. R. 523 ;  8 T. R. 444 ;  1 Greenl. Ev. § 541.

Now, it does not appear, on the face of the decree, on what ground the case of the libel was decided.   The decree, as

stated in the plea, was, " that possession of said schooner be delivered to the libellant with costs." Nor does it appear .hat the question, whether the plaintiff had violated the contract or not, was at all material in that case. There is, therefore, no ground of presumption that the case was decided on that point. The libellant had a clear right of property, and a right of possession, of the schooner, whether the plaintiff had violated the contract or not. The right of possession followed the right of property, unless the plaintiff had some lien on the schooner ; and it does not appear that he had. He had had the lawful possession of the schooner by the terms of the agreement, but the right to retain possession had ceased before the filing of the libel. He then had only a right of action, either to enforce the specific performance of the defendant's contract, or to recover damages for its breach. We are therefore of opinion that the plea is not supported, but must be overruled.

Another question has been argued by counsel, which is not raised by the plea ; and which cannot, therefore, by the rules of pleading, be raised by the answer in support of the plea. " Such an answer forms no part of the defence ; but is that evidence which the plaintiff has a right to require, and to use to invalidate the defence made by the plea. Such answer can be only used to support or disprove the plea." Mit. Pl. 199 ; 6 Ves. 597.

The averment in the answer that the defendant had sold the schooner to a *bona fide* purchaser was not an averment in support of the plea, and had no relation to it, but was . introduced for the purpose of laying the foundation for another defence not covered by the plea.

But as this ground of defence may be taken by the defendant's answer to the whole bill, and as the question has been fully argued by counsel, we have taken it into consideration.

The question is, whether, if the defendant has put it out of his power to perform his contract specifically, the court has the right to retain the bill, and to award compensation in damages.

As to this question, the leading case is that of *Denton v. Stewart*, 1 Cox, 258. That was a bill for the specific performance of a contract for the purchase of a house. The defendant, in his answer, stated that he had sold the house to another person for a full and valuable consideration; and it was thereupon ordered to be referred to a master to ascertain the damage sustained by the plaintiff by the defendant's non-performance. This decision, or rather the general principle on which it has been supposed to have been decided, has been much doubted; but the case has never been overruled, and is, I think, an authority for the present case, which is very similar. In the case of *Greenaway v. Adams*, 12 Ves. 395, sir William Grant considered the case of *Denton v. Stewart* as an authority, and decreed compensation accordingly, although he expressed his disapprobation of the principle upon which it was decided. The like disapprobation is expressed by lord Eldon. He remarks "that in *Denton v. Stewart*, the defendant had it in his power to perform the contract, and put it out of his power pending the suit; and if that case was not to be supported on that distinction, it was not according to the principles of this court." And afterwards sir William Grant plainly intimates in the case of *Blore v. Sutton*, 3 Mer. 237, that the case of *Denton v. Stewart* might be supported on that distinction. He says that " the competency of a court of equity to give damages for the non-performance of an agreement has, notwithstanding the case of *Denton v. Stewart*, been questioned by very high authorities. In that case, however, the party was guilty of a fraud, in voluntarily disabling himself to perform his agreement, and had an immediate benefit from the breach of it."

In New York, the authorities support the case of *Denton v. Stewart*. 1 Johns. C. 150; 2 Johns. C. 369; 4 Johns. C. 560; 1 Cow. 711. In this last case, it was held that where a party has put it out of his power to perform his contract specifically, the bill for specific performance ought to be retained, and an equivalent in damages awarded. Judge Story, after reviewing these cases in his commentaries, expresses the opin-

ion, "that the jurisdiction for compensation or damages does not ordinarily attach in equity, except as ancillary to a specific performance, or to some other relief, and that if it does attach in any other cases, it must be under special circumstances and peculiar equities ; as, for instance, in cases of fraud, or where the party has disabled himself by matter *post facto* from a specific performance." And we are of the same opinion, with this qualification, however, that if the learned commentator intended to express a doubt, whether a court of equity had jurisdiction to decree compensation in the cases last stated, we cannot concur in that doubt ; for it is very certain that the case of *Denton* v. *Stewart* has never been overruled, and the decision in that case is in our opinion reasonable and conformable to the principles of equity. And we think the present case depends upon the same principles. It differs from that case only in one particular. In that case, the sale by the defendant was made after the suit for the specific performance of the contract had been commenced ; and in this case, it is averred that the sale was made before this suit was commenced. We do not, however, consider this variance as material. In *Hatch* v. *Cobb*, 4 Johns. Ch. 560, chancellor Kent expressed a doubt how far the court had jurisdiction to assess damages merely, in a case in which the plaintiff was aware, when he filed his bill, that the contract could not be specifically performed or decreed. But if this doubt were well founded, it would not apply to the present case. It does not appear, that the plaintiff, when he filed his bill, was aware that the contract could not be specifically performed or decreed. No such allegation is contained in the answer ; and although in the bill the plaintiff avers that he had been informed and believed, that the defendant had found an opportunity to make a more advantageous sale of the schooner, yet it is not stated that the plaintiff had heard or believed that the sale had been made ; and it must be inferred, from a subsequent averment in the bill, that the plaintiff had not any such knowledge or belief. The averment is, that the defendant, after the right of possession had been decreed

to him, "took possession of said vessel, and has ever since retained her, or sold and disposed of her for his own benefit."

But if the plaintiff had full knowledge of the sale, it would not follow that the specific performance of the contract could not be decreed, for it certainly could be, if the sale was fraudulent ; and it certainly was so on the part of the defendant, if the plaintiff is entitled to a specific performance, and he might expect to prove by the defendant's answer, or otherwise, that the purchaser had knowledge of the plaintiff's claim. He therefore is entitled to maintain the bill for the discovery sought for, if not for relief. And if, on a full hearing of the case, it should appear that the purchaser had knowledge of the plaintiff's claim, the defendant might be compelled to convey, in order to enable the plaintiff to contest at law the validity of the sale to the purchaser ; or the plaintiff, without amendment of the bill, might elect to make the purchaser a party in this suit, and compel him to make the conveyance, or to rely on his prayer for compensation. *Clark* v. *Flint*, 22 Pick. 231, 239 ; *Champion* v. *Brown*, 6 Johns. C. 398. How the facts may appear in relation to the sale, on a full hearing, remains to be ascertained ; but if it should be proved to be valid, so that a specific performance could not be decreed, nothing would be more unreasonable than to refuse a decree of compensation under the circumstances of this case, if the plaintiff should establish his claim as stated in the bill. And we should regret if the law compelled us so to refuse it ; for full justice may be done in this suit ; and the damages may be assessed by a jury in this action as well as in an action at law. The judgment of the court, however, cannot now be regularly entered on this point, but must be confined to the plea. We trust, however, that as we have fully considered the question of jurisdiction, it is not again to be raised on the further hearing of the cause,*

*Plea overruled.*

* This case was decided previously to that of *Peabody* v. *Tarbell*, 2 Cush 226.