EMERA HIGBY, *et al.*, V. AYRES AND MARTIN.

1. JUDGE PRO TEM.; *Authority to Sit, when to be Questioned.* Where an action is tried in the district court before a judge *pro tem.,* and no question is there raised as to the power or authority of such judge *pro tem.* to hear and determine the case, but all the parties consent thereto, *held,* that such question cannot be raised for the first time in the supreme court.

2. PLEADINGS — TRIAL; *Answer — Reply — Issue.* Where two plaintiffs having separate rights and interests commence an action to set aside a deed of assignment made for the benefit of creditors, on the ground that the assignment was fraudulent and void, and the defendants answer that one of the plaintiffs, with a full knowledge of all the facts acquiesced in and became a party to said assignment, and instructed and encouraged the assignee to proceed under the assignment and sell the property, etc., and neither of the plaintiffs replied to said answer, and the defendants on the trial objected to the introduction of evidence because of the condition of the pleadings, and asked for judgment in their favor on the papers in the case, and the court overruled the objection and motion, and afterward rendered judgment

against the defendants and in favor of both of the plaintiffs, *held*, that a reply was necessary as to the plaintiff who, it was alleged, had acquiesced in said assignment, and that the defendants did not waive a reply by proceeding with the trial without one.

3. ASSIGNMENT FOR BENEFIT OF CREDITORS; *Fraud; Review of Testimony.* Where one of the issues of fact tried in the court below was, whether a certain assignment in trust for the benefit of creditors was fraudulent or not; and there was some evidence tending to show that it was fraudulent; and sufficient, if uncontradicted and unexplained, to authorize a court to infer fraud; and the court below before whom the action was tried found that the assignment was fraudulent, *held*, in such a case, that the supreme court will not retry the case upon the facts for the purpose of determining whether the district court erred in its findings of fact or not; but will examine the case merely for the purpose of determining whether the district court committed any error of law or not.

4. ———— *Badges of Fraud.* Certain acts and proceedings designated as evidence that the assignment was fraudulent.

*Error from Labette District Court.*

HIGBY, a grocer, doing business at the city of Chetopa, on the 13th of November 1872 made assignment to *D. J. Doolen,* of "all the lands and all the personal property of every name and nature whatsoever," belonging to said *Higby.* Said assignment was specified in the deed to be made —

"Upon the following trust, viz., to take possession of said lands and personal property, and sell the said lands and personal property upon such terms as in his judgment may appear best for all parties concerned, and hold the proceeds of all sales for distribution among all the creditors of the said party of the first part in accordance to such orders as may be given by all of the creditors, or the district court of the county of Labette, and shall after final settlement and distribution be made and all reasonable expenses, rents, taxes, assessments, commissions and allowances are paid, return any surplus that may be of the proceeds of the sales of the assigned property to the party of the first part or his assigns, and also reconvey and reassign to him or them any real or personal property remaining unsold."

*Ayres* and *Martin,* each claiming to be a judgment-creditor of Higby, commenced an action against *Higby* and *Doolen,* "on behalf of themselves and all of the judgment-creditors

of said *Higby*," to set aside said deed of assignment, claiming that it was executed to hinder, delay, and defraud *Higby's* creditors, and was therefore void.   The petition prayed that a receiver might be appointed, and that defendants be enjoined from selling or disposing of any of the assigned property, etc.   The subsequent pleadings, and material facts, are sufficiently stated in the opinion, *infra*.   The action was tried at the July Term 1873 of the district court.   The record shows that —

"The judge of said district court being engaged in the trial of a cause, and there being no statutory provisions disqualifying him from presiding at the trial of this cause, the parties consented to the trial of the issues joined herein before H. G. W., as *pro tem.* judge."

The case was tried before said judge *pro tem.*, without a jury. The court found as facts, that *Ayres* had recovered a judgment against *Higby* for $243.39, and costs; that *Martin* had recovered a judgment against *Higby* for $805.19, and costs; that said parties had issued writs of execution on said judgments before the 13th of November 1872, and that said writs had been returned unsatisfied; that *Higby* on said 13th of November had assigned all his property, real and personal, to said *Doolen* by deed of assignment of that date; that *Doolen* had disposed of a large amount of the assigned property, "and now holds the net proceeds thereof, over and above all expenses, to the amount of $1,100 in ready money, and also holds other assigned and real and personal property to the amount of $500 or more;" that there was no actual and continued change of possession of the assigned property; that said deed of assignment is illegal, fraudulent, and void, etc.   Judgment was given in accordance with findings, and it was adjudged —

"That defendant *Doolen* holds the proceeds of such assigned property in trust for plaintiffs, as judgment-creditors of said *Higby*, and that they have a lien in equity thereon for the satisfaction of their respective judgments, interest and costs; and that the defendant *Doolen*, as such assignee as aforesaid, pay to plaintiff *Alexander H. Ayres* the sum of $243.34, and interest thereon at 12 per cent. per annum from the date of

the recovery of his judgment against said *Higby;* and that said *Doolen,* as such assignee, pay to plaintiff *Gilbert Martin* the sum of $805.19, and interest thereon at the rate of 10 per cent. per annum from the date of the recovery of his judgment against said *Higby,*" etc.

From this decree defendants *Higby* and *Doolen* appeal, and bring the case here on error.

*F. A. Bettis,* for plaintiffs in error:

1. Consent cannot give jurisdiction. The court must be constituted and authorized by law; 10 Iowa, 380. The judge cannot delegate his powers, even though the parties consent; 49 Greene, 104, 120; 7 Iowa, 481. The record shows affirmatively that the district judge *de jure* was present and in no manner disqualified to sit in the case. The constitution only requires the legislature to make provision for the election of a *pro tem.* judge in cases where the judge *de jure* is absent, or otherwise unable or disqualified to sit in any case; and the legislature has provided that a judge *pro tem.* may be selected when the judge is sick, absent or interested. And in any *such* case (and such case only) the parties may agree on a *pro tem.* judge.

2. Judgment should have been given for defendants on the pleadings. The answer alleges that Martin, with a full knowledge of the facts, assented to the act of assignment. This is undenied, and is a good defense; 4 Mass., 183, 206; 5 Mass., 174. And the answer alleged that Ayres' judgment was against True as principal, and Higby as surety, and that True had ample property to satisfy the judgment, within reach of the process of the court. This was neither denied nor avoided, and was a good defense. Civil code, § 470. The evidence in this case indicates the whole transaction of bringing this suit to have been a champertous speculation, as *vide* the testimony of Fox, which we quote entire: "I am the partner of A. H. Ayres. Martin sold us the Higby note, and ordered us to collect it in his name, and we were by agreement to pay him fifty per cent. of what was realized!"

3. The deed of assignment was not void upon its face. It

contains every element necessary to carry out the letter and spirit of the law, and not one word to indicate a fraudulent intent in the maker. Such an assignment is not *per se* void. (*Case v. Ingersoll*, 7 Kas., 367.) The deed from Higby to Doolen is without any of the objectionable features which were prominent in the assignment of Johnson to Case, and yet with reference to the latter assignment the supreme court held this language: "There was some evidence on the face of this instrument tending to show that it was executed for the purpose of defrauding Johnson's creditors, but probably not enough to prove said fact, or to render the instrument void for that reason." (*Johnson v. Laughlin*, 7 Kas., 361.)

4. The findings that there was no actual and continued change of possession, and that the assignment-deed was fraudulent and void, are not sustained by the evidence.

*Ayres & Fox*, for defendants in error:

1. There does not seem to be any question as to the jurisdiction of the *pro tem.* judge, or the regularity of the judgment on his decision. The language of the statute is unequivocal, and there is no office for construction. "The parties *in any case* may select a judge to sit in such case." Gen. Stat., ch. 28, § 5; 11 How. Pr. R., 569, 571. But if we should be mistaken in the meaning of the words " any case," still the person chosen was a judge *de facto*, and the judgment is free from error; 9 Wis., 264; 13 Wis., 21; 17 Wis., 20, 524.

2. Plaintiffs in error " objected to the introduction of any testimony, and moved for judgment on the papers." Upon what grounds? None were assigned. True, the case recites as matter of history that no reply had been filed, but not that the objecting party called the attention of the court to the fact, or even then knew it. There was no *determination* of the court upon the lumped question whether the plaintiffs in error were entitled to a general judgment for lack of a reply. Had even that general question been raised defendants in error might have obtained leave to reply, and it is now too

late to raise the question; 9 Kas., 179; 20 N. Y., 58; 2 Till. & Shear. Prac., 502.

The objection that no reply was filed suggests the question, Was a reply necessary? Proofs were entered into by the parties before the court, which shows that it was the understanding of all parties that no reply was necessary; and plaintiffs can't now take the ground that there were material allegations in the answer that were admitted. It is moreover the duty of this court to construe the objection to be grounded on the claim that a reply is necessary in all cases, because the allegation in the answer of assent by Martin to the assignment was proven to be unfounded, and was rightfully overthrown by the court below on the proofs. 20 N. Y., 58, 61.

But if it can be said that the lack of a reply was assigned as the ground of the motion, and that such ground was sufficiently specific, the ruling below was still proper, because the ground was too broad. It went to both defendants, while as to defendant Ayres at least, the answer on mere inspection contains no new matter, well pleaded, material, but merely conclusions of law and of fact.

3. The finding that the assignment is illegal and void on its face as against the defendants, is sound. The assignor did not declare and fix the uses to which the assignee should apply the fund, and no creditor could enforce any payment thereunder. By the clear effect of the assignment the assignee could keep the proceeds in perpetuity. The instrument did not devote the property to the payment of creditors "in proportion to their respective claims." But the assignment provides that any distribution may be made which all the creditors, or the district court, may choose to order, which may be neither fair nor equitable. Much less does it secure a *pro rata* distribution, the only one which is legal.

The assignment on its face must delay, hinder and defraud the creditors, for the property was placed beyond their control until such time as all the creditors or the district court should order distribution and fix the sale. The lack of change of possession of the property, is evidence of such trust

reserved; 14 How., 289; 10 N.Y., 309, 313. The finding of no actual change of possession, and bad faith, is not only sustained by clear evidence, but by the undisputed proof of the facts.

The opinion of the court was delivered by

VALENTINE, J.: The laws of Kansas provide for such an officer as a judge *pro tem.* of the district court. (Constitution, article 3, § 20; Gen. Stat., 304, §§ 4 to 8.) And hence, whenever it appears from the record of a case that the action was tried before such a judge it will be presumed, in the absence of anything to the contrary, that such judge had the requisite

1. Power and authority of pro tem. judge.

authority to hear and determine the case. The district court of Kansas being a court of general and superior jurisdiction, all presumptions, in the absence of anything to the contrary, must not only be that the court acted within the scope of its jurisdiction, but that it acted regularly and legally. And a judge *pro tem.* of such a court, being as much a judge of the court for the time being as the regular judge, all presumptions, in the absence of anything to the contrary, must be in favor of his authority, and in favor of the regularity and validity of his proceedings. Whenever his authority has been duly recognized, as in this case, by the regular judge, the clerk, the sheriff, the attorneys, the parties to the suit, and others, it would hardly seem proper to allow his authority to be questioned for the first time in this court. This case was tried before a judge *pro tem.* But whether such judge was duly elected and qualified, does not appear. It does appear however that all the parties consented to try the case before him. It also appears that there were "no statutory provisions disqualifying the regular judge from presiding at the trial." From this we suppose that the regular judge was not sick, absent, interested, related to either of the parties, or otherwise disqualified from hearing and determining the case. But suppose the regular judge was present, and competent to hear and determine the case, still he did not do it, but allowed a judge *pro tem.* to do so. The

district court was in session. No question is raised as to the jurisdiction of the court over the subject-matter of the action and the parties to the suit. The case came regularly on for trial; a judge *pro tem.* tried it; the constitution and laws recognize such an officer; and whether this judge *pro tem.* was regularly and legally filling the office or not, still he did fill the office, and was therefore an officer *de facto:* and his acts are therefore not void, but like the acts and proceedings of all other officers *de facto,* are valid and binding. Of course, his proceedings could not be attacked collaterally. But attempt is now made to attack them directly by petition in error. This may be done where the question was raised in the court below, and proper exceptions taken. But unfortunately for the plaintiffs in error the question was not raised in the court below. Neither party objected to trying this case before said *pro tem.* judge, but all the parties consented thereto. The question of whether said *pro tem.* judge could legally try this case is now raised for the first time in this court, and we think the question is raised too late. (See *Hunter's Adm'r v. Ferguson's Adm'r,* 13 Kas., 462, 473, and cases there cited.)

This was an action to set aside a deed of assignment made for the benefit of creditors, on the ground that the assignment was fraudulent and void. The plaintiffs had separate rights and interests, and not joint interests. The defendants answered that the plaintiff Martin, with a full knowledge of all the facts, acquiesced in and became a party to said assignment, and instructed and encouraged the assignee to proceed under the assignment and sell the property, etc. There was no reply filed to this answer, and there was nothing in the case which tended to show that the defendants waived a reply. On the contrary, it seems that they twice objected to the introduction of evidence because of the condition of the pleadings. And they also asked for a judgment in their favor upon the papers in the case. It is true, the objection to the evidence went to both of the plaintiffs, while it could properly apply to only

2. Pleadings; failure to reply, confesses answer.

one of them.   But still it shows that the defendants did not intend to waive a reply.   Where a reply is necessary, as it was in this case, and none has been filed, it must appear affirmatively from the conduct of the defendants that the reply has been waived, or the court must take all the allegations of new matter contained in the answer as true.   Where the defendants go to trial, and proceed with the trial in all respects as though a reply had been filed, such conduct on their part will authorize the court and the other party to consider that the defendants have waived a reply.   But that is not the case.   The evidence in this case failed to show that Martin acquiesced in said assignment with a full knowledge of all the facts.   But still as such was so alleged by the defendants, and not denied by the plaintiffs, we must take it that such was the fact.

The answer does not allege, as is claimed by the plaintiffs in error, that the Ayres judgment was rendered against True as principal, and Higby as surety.   The answer merely alleges that the judgment was rendered upon a promissory note on which *note* True was principal and Higby was surety.   The answer does not state or show how the judgment was rendered; and there was no evidence upon the subject.   (With reference to such judgments, see *Rose v. Madden*, 1 Kas., 445; *Points v. Jacobia*, 12 Kas., 50.)   No question of champerty was raised in the court below.   Such question is not in this case.   It is immaterial whether the court below erred or not as to the amount of money which Doolen had received from the sale of Higby's property.   We must reverse the judgment as to Martin, and there was certainly more than enough to pay Ayres.

We hardly think that the deed of assignment was void upon its face, but as we view the case it is not necessary to

3. Assignment for benefit of creditors. Reviewing findings of trial court.

decide that question now, and we therefore do not wish to be understood as deciding it.   It is also claimed that the assignment was fraudulent in fact, and therefore void in law.   It is claimed that the assignment was made for the purpose of hindering, delaying

and defrauding Higby's creditors, and especially the plaintiffs, who were judgment-creditors of Higby. The court below finds this to be true. And while it is at least doubtful whether this finding is correct, yet there was some evidence to sustain the finding, and enough under the rules of practice to which this court has always adhered, to uphold the judgment rendered thereon. If the court below erred, as perhaps it did, in making this finding, the error was one of fact and not one of law. And as this court cannot retry the case upon the facts, but can only decide such questions of law as may be involved in the case, we cannot reverse the decision of the court below merely because it erred in its findings of facts, provided of course that there was sufficient evidence introduced from which if such evidence were uncontradicted and unexplained a court might reasonably infer what is contained in its findings. If there had been no evidence to sustain the findings, or any one of the findings, then we might reverse the judgment of the court below for that reason ; for then the question would be purely one of law. Some of the evidence which tends to show that said assignment was in

4. Badges of fraud.

fact fraudulent is as follows: 1st.–Under the provisions of the deed of assignment the proceeds of the sale of the property assigned could be distributed among the creditors only, by and in accordance with the *orders of all the creditors* or the district court. This might cause delay and injustice. The assignee should allow all just and legal claims, and pay as much as he could on them, without waiting for the orders of *all the creditors or the district court.* (See Gen. Stat., ch. 6, §§ 21, 24, 35.). One creditor has no right to determine how much is due to another creditor, or when it should be paid. 2d.–It would seem from another provision of the deed of assignment that the assignor contemplated that there would be a surplus of his estate left, after paying all his debts, and there was no evidence introduced that would tend to show otherwise. Now it is generally fraudulent for a person who can pay all his debts to make an assignment. (*Seibert v. Thompson*, 8 Kas., 69; Burrill on

Assignments, 190.) All assignments in trust for creditors tend to hinder and delay such creditors, and cannot as a rule be sustained unless the assignor is insolvent. 3d.–The assignor in this case was a grocer, and the business was carried on in the same place and in the same manner after the assignment that it was before. The assignor continued to reside in a part of the same house where the grocery was kept. He was sometimes in the grocery and behind the counter, and also sold goods. The same clerks remained in the store, one of whom seems to have been a sister of the assignor. The signs remained the same. The assignor's name still remained on all the boxes, casks, etc., and the name, "E. Higby, Grocer," still remained on the delivery-wagon. There was really no apparent change in the business. There was some evidence about two different inventories of the property which we do not precisely understand, but it is claimed by the defendants in error that such evidence indicated fraud.

There are some questions in this case which counsel have not chosen to raise, and therefore we have purposely avoided saying anything about them. We however desire that it be distinctly understood that we have decided no questions in this case except such as are mentioned in this opinion.

The judgment of the court below will be affirmed as to the defendant in error Alexander H. Ayres; and it will be reversed as to the other defendant in error, Gilbert Martin. The cause will be remanded for further proceedings as between the plaintiff in error and Gilbert Martin.

All the Justices concurring.