The opinion of the court was delivered by
Valentine, J.:
This was an action brought by W. J. Cash against the Atchison & Nebraska railroad company under the railroad stock-killing law of 1874, (Comp. Laws of 1879, p. 784,) for the value of a certain mare belonging to the plaintiff, alleged to have been killed by the railroad company in operating its road. The mare was killed by the railroad *588 company near the city of Atchison, in Atchison county, Kansas. No part of the railroad was fenced. It appears that the plaintiff was driving his mare through the city of Atchison; that she became very much frightened; that she broke loose from him and ran away. She entered upon the railroad track in the city of Atchison at a place where the railroad company was npt bound to inclose its road with a fence, and ran northwardly at great speed, along and upon the railroad track, for a distance of about one mile from where she first entered upon the railroad track, and about one-half mile beyond the city limits, when she came near a bridge belonging to the railroad company. As to what course she then took, the parties differ. The railroad company claims that she still followed the railroad track and entered upon the bridge, where she was struck by an engine attached to a train coming from the north and moving southwardly, which caused her death. On the other hand, the plaintiff claims that the mare left the railroad track and passed around the bridge on the west side thereof, and then northwardly for some distance before she again entered upon the premises of the railroad company; and that afterward she entered upon the railroad track north of the bridge, and was moving southwardly toward her home in the city of Atchison, when an engine and train of cars belonging to the defendant overtook her and struck her, just north of the bridge, carrying her over the bridge and throwing her off the track just south of the bridge, throwing a portion of her remains on one side of the track and the other portion on the other side of the track.
The theory of the railroad company is, that the mare never left the railroad track after she entered upon it in the city of Atchison until she was killed; while the theory of the plaintiff is, that the mare left the railroad track just south of the bridge at which she was killed, and passed entirely off from the defendant’s premises and upon-other property; and that afterward she again entered upon the railroad track and was killed by the defendant’s engine as before stated.
Now if the theory of the railroad company is correct, then *589 of course the railroad company is not liable; but if the theory of the plaintiff is correct, the railroad company is certainly liable; for the mere fact that the plaintiff’s mare at first entered upon the railroad track where the defendant was not bound to fence its road, is not a good defense for killing the mare after she had passed from the railroad.company’s premises and had again entered upon the road at another place where the road was not fenced, but where the company was bound in law to inclose its road with a lawful fence.
We think the defendant’s theory is not only against the findings of the court below, but it is also'against the evidence introduced in the case. That the mare ran along the railroad track" from the city of Atchison to a point near the bridge where she was killed, is unquestioned; but the court found, among other things, that “At said point said mare left the track apparently to avoid said bridge, and she ran down into the bed of the branch, and then she got upon the track again north of said bridge.”
The plaintiff testified upon the trial, that after the mare broke loose from him and ran away, he followed her along the railroad track until he had passed about one hundred yards north of the bridge, where he met Wilson Smock, of whom he inquired whether he had seen any such mare or not, ■describing her. The witness was not allowed to state what Smock said to him, the railroad company objecting to the evidence; but Smock testified upon the trial that he told the plaintiff, and that in fact he saw such an animal north of the bridge, and west of the railroad track. Smock was not sure, however, whether he met the plaintiff on the north side or on the south side of the bridge. Smock resided north of the bridge, and near the railroad track; but how far north of the bridge the evidence does not show. He passed along the entire length of the track from his home to the city of Atchison, and the mare was not on the track at that time. The plaintiff also passed along the track from the city of. Atchison, to a distance of about one hundred yards north of the bridge, and to the place where he met Smock, and he saw nothing of *590 the mare. The plaintiff, after meeting Smock, returned to the city of Atchison. It was then nearly dark, and the plaintiff could not see sufficiently to hunt for the mare any longer. The next morning the plaintiff returned to the bridge and found the remains of his mare just south of the bridge, finding pieces of her on both sides of the track. He found blood north of the bridge, and found blood and hair on the bridge, from one end to the other. The bridge, however, was only about eighteen or twenty feet long. He also found horse tracks at a point south of the bridge, passing from the railroad track and around on the west side of the bridge. He also found horse tracks north of the bridge.
As above stated, after Smock and the plaintiff' met each other, Smock passed on to the city of Atchison, following the railroad track, and it does not appear that he either saw or heard anything of the train that caused the death of the plaintiff’s mare; and although plaintiff thought he heard the whistle of an engine, it does not appear that he saw or heard anything further connected with a railroad train; so that it must have been some considerable time after Smock and the plaintiff passed along the track before the mare was killed. At the rate of speed at which the mare was going when she left Atchison, she must have reached the bridge much sooner than either the plaintiff or Smock, and may have passed a great distance beyond there before either the plaintiff or Smock reached the bridge. Just how long after the plaintiff and Smock passed over the bridge before the train which killed the mare arrived, is not shown; but at the time the train arrived it was very dark. Although the headlight was in perfect condition, yet the train hands, as at least one of them testified, could not see the mare until they got so near to her that they could not stop the train before it reached her. . There was probably time enough elapsed, after the mare had passed the bridge, for her fright to have subsided, and for a disposition to have sprung up within her to return to her home in Atchison. j
It will therefore be seen that the evidence is strongly against the theory of the defendant; and while it does not prove be *591 yond all controversy the theory of the plaintiff, yet it tends very strongly to prove such theory, and it is amply sufficient to justify the court below in finding for the plaintiff. Neither the evidence, however, nor the finding of the court below upon this subject, is entirely satisfactory; both show that the mare left the railroad track and passed around the bridge, and again entered upon the track; but neither shows conclusively that the mare passed entirely beyond the defendant’s premises.
It is probably fair, however, to presume that she did, and that the court intended to so find. It has not been the rule of the supreme court to reverse the judgments of the district court unless it appears clearly and affirmatively that the district court has committed error; and it does not so appear in this case.
As before stated, if the mare passed entirely beyond the defendant’s premises, and then again entered upon them at a place where the road was not fenced, and where it could have been legally fenced, the company is liable; and in support of the decision and judgment of the court below, we should presume that such was the case. ■ It will be remembered that the road was not fenced anywhere; so that if the mare at the last time she passed upon the road, passed upon it at any place except where the company was not under legal obligation to fence the road, the company is liable for the injury done.
The judgment of the court below will be affirmed.
Brewer, J., concurring.
Horton, C. J.:
Upon the argument of this cause, it seemed to me that the decision in Missouri Pacific Rld. Co. v. Leggett, ante, p. 323, was decisive against any recovery by the plaintiff below; but a consideration of the findings of the district judge, and the evidence introduced by the plaintiff below upon the trial, satisfy me that the animal, after entering upon the railroad track where the road could not be legally fenced, afterward and before being struck by the cars, passed entirely off from the company’s premises, and then returned to the track. Therefore the case of the Missouri Pacific Rld. Co. v. Leggett does not apply.