TOBE FLEEMAN, *Appellee*, v. THE CHICAGO, ROCK IS-
LAND & PACIFIC RAILWAY COMPANY, *Appellant*.

No. 16,442.

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Review of Void Judgment—Case-
made*. A party is entitled to appeal from and obtain a re-
versal of a void judgment brought to the supreme court on a
case-made.

Appeal from Wyandotte circuit court; FRANK D.
HUTCHINGS, judge. Opinion filed June 11, 1910. Re-
versed.

*M. A. Low,* and *Paul E. Walker,* for the appellant.
*L. F. Bird,* and *H. G. Pope,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this proceeding the Chicago,
Rock Island & Pacific Railway. Company asks that the
judgment rendered against it and in favor of Tobe Flee-
man in the circuit court of Wyandotte county be set
aside and reversed. The contention is that the court
had no existence, and that the judge of the court who
assumed to render the judgment was without authority.
By chapter 52 of the Laws of 1908 the legislature un-
dertook to create the circuit court of Wyandotte county
and to define its jurisdiction, and in pursuance of the
provisions of the act a judge was appointed, who pro-
ceeded to try causes and exercise other judicial func-
tions. The validity of the act creating the court was
challenged by a proceeding brought in this court, and
it was decided that the statute was repugnant to the
constitution and without force. (*The State v. Hutch-
ings,* 79 Kan. 191.) This cause, which was pending in
the court of common pleas, was transferred to the cir-
cuit court, and at the end of a trial a decision in the
form of a judgment was rendered against the appellant,

which it seeks to have annulled and reversed. As the act was unconstitutional the court and judge were without jurisdiction, and the judgment is therefore invalid. (*In re Norton,* 64 Kan. 842.) Is a void judgment reviewable? Although there is some conflict in the authorities, the rule in this state is that a judgment which is a nullity may be reversed and set aside in a proceeding in error. This was held in *Earls v. Earls,* 27 Kan. 538, where it was said:

"In such a case the defendant in error claims that the judgment is not void, but that it is valid, and that he has a right to enforce it, and therefore he can not, for the purpose of defeating the proceedings of the plaintiff in error, say that the judgment is void and that the plaintiff's petition in error should be dismissed; while on the other hand, the plaintiff in error may simply treat the void judgment as a merely erroneous one, and ask that it be reversed." (Page 543.)

While the decision attacked is a nullity, it is in the form of a judgment, and appellee is asserting that it is a valid and binding obligation. Although void, it may be treated as in existence so far as to allow appellant to challenge its validity on appeal and to enable this court to declare its invalidity and reverse it. (*Winkfield v. Brinkman,* 31 Kan. 25; *Shaffer, Adm'r, v. Brinkman,* 31 Kan. 124; *Kidder v. Fay,* 60 Wis. 218; *Shoemaker, Aud. of State, v. The Board of Comm'rs of Grant Co. and Another,* 36 Ind. 175; *Louisville, New Albany and Chicago Railway Company v. Lockridge,* 93 Ind. 191; *McCoy v. Allen et al.,* 16 W. Va. 724; *A. L. Martin, Ex parte,* 5 Yerg. [Tenn.] 456; *Smith v. Jacobs,* 77 Mo. App. 254; *Loeb v. Smith,* 52 N. Y. Supp. 677; Powell App. Proc. p. 265.)

Appellee appears to concede that a void judgment might be reversed if the case were here on a transcript of the record, but asserts that as it is brought on a case-made which the trial court had no authority to settle it can not be considered. The judgment attacked is preserved and presented in one of the methods pre-

scribed by statute for the taking of an appeal. If the judgment may be reviewed at all, no reason is seen why its validity may not be determined as well upon a case-made as upon a transcript of the record. On the face of the record, as preserved, it is clearly shown that the judgment is void, and it is therefore reversed.