F. M. NASON, *Appellee*, v. J. P. PATTEN et al. (J. P. Patten, *Appellant*).

No. 17,876.

SYLLABUS BY THE COURT.

1. CONTRACT—*Demand for Performance—Reasonable Time to Comply.* Where time is not of the essence of a contract to convey land, but is made essential by performance or tender of performance of one party and a demand on the other, a reasonable time must be given for compliance with such demand.

2. JUDGMENTS—*Rendered in Vacation—Void.* A district court is without authority in vacation to render judgment in a case tried in term time and taken under advisement.

3. ——— *Same.* A judgment rendered in vacation upon a trial and submission at the preceding term should be set aside, and a judgment should be rendered at the next term.

Appeal from Stevens district court. Opinion filed January 11, 1913. Reversed.

*John L. Gleason*, of Liberal, and *Solon W. Smith*, of Oklahoma City, Okla., for the appellant.

*C. V. Manatt*, of Liberal, for the appellee.

The opinion of the court was delivered by

BENSON, J.: This action was brought by the vendee in a contract for the sale of land to enforce specific performance and for damages, and was tried as an action to recover damages only. Judgment was given for the amount of an advance payment.

No conflict appears in the evidence. No default in

the contract had been made by the vendor before the
suit was brought, but he had conveyed the land to
another who had purchased it in good faith. To sustain
the judgment it must be presumed that the recovery
was allowed upon the theory that the contract had been
rescinded by consent of the vendor—considering the
conveyance made by him as an abandonment of the
contract, as he thereby disabled himself from perform-
ing it.

While it is a general rule that a purchaser who, with-
out fault of the vendor, has failed to fulfill the contract
can not recover an advance payment, yet this rule does
not prevail where the contract has been abandoned or
rescinded by consent of the party not in default. (*Hill-
yard v. Banchor,* 85 Kan. 516, 526, 118 Pac. 67; *Phelps
v. Brown,* 95 Cal. 572, 30 Pac. 774; *Richards v. Allen,*
17 Maine, 296; *Andrews v. Brown,* 57 Mass. 130; Fry
on Specific Performance, 4th ed., § 1066.)

Time was not of the essence of the contract, but it was
sought to make it essential by a notice to the vendee that
he must pay the balance of the purchase money at a
date stated in the notice. The time of performance
according to the terms of the contract was May 10,
1910. At that time the deed from the vendor was on
deposit at a designated bank, as provided in the con-
tract, and the abstract, likewise so deposited, had been
received by the vendee. The vendee failed to object to
the title or pay the balance of the purchase as agreed,
and a notice was served upon him by the vendor on that
day, May 10, that unless such payment was made on or
before May 12, at four o'clock P. M., the contract would
be rescinded. The payment was not made, and on May
13 the vendor conveyed the land to another.

Where time is not of the essence of such a contract
it may be made essential by performance or tender of
performance by one party and demand on the other.
(*Roberts v. Yaw,* 62 Kan. 43, 61 Pac. 409.) But a
reasonable time must be allowed to comply with the

demand. (*Kirby v. Harrison et al.*, 2 Ohio St. 326; 6 Pomeroy's Equity Jurisprudence, § 815.) What is a reasonable time is a question to be determined from the circumstances of each particular case. (*Mastin v. Grimes,* 88 Mo. 478; Waterman of the Specific Performance of Contracts, § 465; 36 Cyc. 715.)

The amount to be paid in this instance was over $3000. The notice was served on the day the money was due. The notice gave less than two days in which to make payment. Immediately after the time so given had elapsed conveyance was made to another. No reason appears in the evidence and none is suggested why such haste was necessary or reasonable, and it can not be held as matter of law that a finding of the district court that the time given was not reasonable was erroneous. To uphold the judgment, it should be presumed that the court so found—and this finding is approved.

The judgment, although not erroneous for any reason already considered, must be set aside. The case was submitted on December 12, 1910, and decision was reserved to be announced at a later date. The term of court was adjourned without day on the 13th day of December. On March 11, 1911, a judgment was entered in vacation against the defendant for $156.75, the amount of the advance payment with interest. The judge had no power to render the judgment in vacation. (*Earls v. Earls,* 27 Kan. 538; *Packard v. Packard,* 34 Kan. 53, 7 Pac. 628; *The State v. Start,* 62 Kan. 111, 61 Pac. 394.)

A void judgment may be reversed on appeal. (*Fleeman v. Railway Co.,* 82 Kan. 574, 109 Pac. 287.)

As the entry of the judgment recites a submission of the case on the 12th of December, 1910, and the rendition of judgment on the 10th of March, 1911, it is argued that it must be presumed from the record that the court was in session on the latter date. It would be so presumed from this alone, but there was another

record, that of the adjournment of the term without day on the 13th day of December, 1910. It is argued that we can not consider the record of adjournment, because it was not introduced in evidence in the district court on the motion for new trial or otherwise. It was not necessary that the record of its own adjournment should be presented in evidence to that court, since it was a matter of judicial knowledge. Again it is said that the entry shows that the motion for a new trial was overruled on December 12, 1910, when the case was submitted. We do not so read the record, which recites the rendition of the judgment on March 10, and following this is the recital of an order overruling the motion for a new trial. True, the entry recites that the motion was filed on December 12, but it must be presumed— and the entry is in harmony with the presumption— that action was taken on the motion at the date on which judgment was rendered.

The judgment is reversed with directions to the district court to enter judgment in term time in pursuance to the submission of the case on December 12. While the judgment entered in form upon the journal is a nullity, and in the absence of any other order an appeal might be taken after another judgment is entered, still to end the litigation—all the facts being before this court—the further direction is given to enter judgment for the plaintiff for the amount of the advance payment and interest.

MASON, J. (dissenting in part) : I do not think the proposition stated in the second paragraph of the syllabus is involved in this case. The plaintiff does not contend that the judgment, if rendered in vacation, is valid. He denies that it was rendered in vacation. Or rather, he asserts that upon the record it appears to have been rendered by the court while in session, and that no sufficient showing has been made to the contrary. In this I think he is right. The record of the

judgment imports a distinct declaration that the court was in session on March 10, 1911. After an appeal had been taken from this judgment there was placed among the files of the case in the district court a certified copy of an order purporting to have been made December 13, 1910, adjourning court *sine die*. If there is a conflict between the two recitals there is no reason why that respecting the adjournment should prevail over that contained in the journal entry of judgment. But there is no necessary conflict. A special term of court may have been in session on March 10, 1911, so far as this court can know from what is before it. However, if this were in fact the case the plaintiff would doubtless have shown it by direct evidence, instead of relying upon the presumption in support of his judgment, as he perhaps had a technical right to do. I do not object to the order of this court being based on the assumption that the judgment was rendered in vacation, because that is probably the fact. But I think the costs of the appeal should be charged to the appellant, for the reason that the ruling of the district court upon the actual matter in controversy is affirmed. The defendant ought not to recover any costs here without showing that the attention of the district judge was in some way directed to the fact that the judgment appeared to have been rendered at a time when the court was not in fact in session. The notice of appeal, given April 8, 1911, expressly described the judgment appealed from as having been rendered at the December term, and a purpose to raise a question on that point did not appear until the abstract was filed, on February 15, 1912. One of the grounds of the motion for a new trial was that the judgment was not rendered during the sitting of court, but as this was filed and (as I read the record) overruled on December 12, 1910, it can hardly be regarded as relating to anything that took place in the following

March. If it were necessary in order to protect the plaintiff's substantial rights I think the record might be interpreted to mean this: the court on December 12 found in favor of the plaintiff, denied the motion for a new trial, and rendered judgment accordingly; but, being in some doubt of the correctness of the decision, deferred *entering* the judgment until later, in the meantime reviewing the questions involved by the aid of the briefs presented.