ALEXANDER WOOD, Plaintiff in Error, vs. NATHAN MYRICK, Administrator of Estate of WILLIAM WOOD, deceased, Defendant in Error.

#### MOTION FOR A COMMON LAW WRIT OF CERTIORARI.

Although cases may arise in which this court will review the decisions of other courts by means of a common law writ of certiorari, after the expiration of the time prescribed by statute for appealing them, such cases are exceptional, and some good reason must be shown why the ordinary manner was not resorted to.

A. G. CHATFIELD, Counsel for the Petitioner, Alex. Wood.

*By the Court*—FLANDRAU, J.—This is an application made by the Plaintiff in Error for the issuance from this court of a common law writ of certiorari to the Probate Court of the County of Brown to bring up the record in the matter of the estate of Wm. Wood, deceased. The petition shows that Mr. Wood died intestate, in the spring of 1857; that during 1857 or 1858 the Plaintiff in Error and Robert Wardlaw were appointed administrators; that commissioners were appointed to examine claims against the estate, &c., on the 25th day of June, 1858, and their commission appointed the 25th day of December, 1859, as the limit of the time within which claims were to be received; that the commissioners held their meetings in Blue Earth County, and by their notice requested all claims to be presented within six months from June 25, 1858; that the notice was only given in Brown county; that the commissioners heard and allowed claims on the 27th day of January, 1860, without the time being extended by the Probate Court; that the Plaintiff in Error had large claims against the estate, which were allowed by the Probate Court, and that he and

vol. ix.—20

Mr. Wardlaw were removed as administrators, and Nathan Myrick appointed, without the Plaintiff in Error having notice of the proceeding; that the commissioners reported after Myrick was appointed, and allowed him, as a creditor, large sums, stated in the petition, but did not state where, or that they ever met. The petition then states that the administrator Myrick rendered his accounts to the Probate Court in the winter of 1862; that the petitioner was present and objected to several of the items claimed by the administrator, and also claimed that he should be allowed the sums that had previously been allowed him by the court, but that his objections were overruled, and no provision was made for him in the decree.

According to the statements in the petition the commissioners were guilty of a number of irregularities in their proceedings, and when the Plaintiff in Error objected to the allowance of Mr. Myricks' claims before the Probate Court, among other things, for the reason of such irregularities of the commissioners, the court should have set aside their proceedings. In either case, however, the Plaintiff in Error here had redress by appeal to the District Court: first, from the decision of the commissioners within sixty days after they reported, ( *Comp. Sts.*, *p.* 442, *sec.* 20); and second, from the decree of the Probate Court made on the accounting of the administrator, within thirty days after notice of the decree. *Comp. Sts.*, *p.* 494–5. It is claimed that some of the errors committed were jurisdictional, and that the judgment is void. . We may concede this to be the case, and still it does not alter the view we take of the question.

It is quite clear that the Legislature, in prescribing the mode in which the proceedings of Probate Courts should be reviewed, intended that such should be the general course of practice. It is manifest throughout the statutes that in all cases of appeal from courts inferior to the District Court the review should in the first place be had in that court. Proper times are limited within which all this character of errors must be corrected, and although cases might arise in which this court would review the decisions of other courts by means of a common law writ of certiorari after the

expiration of the time prescribed by statute for appealing them, such cases would be exceptional, and some good reason would have to be shown why the ordinary manner was not resorted to. A long period had elapsed since this matter was decided in the Probate Court, and no reason whatever is given in the moving papers why an appeal was not taken to the District Court. The statute giving appeals from the Probate Court affords every opportunity for correcting errors; questions of fact or law may be reviewed, and the time for appealing does not begin to run until notice is received of the order or judgment to be appealed from. It may be that the time for appealing has not yet run against the judgment in this case, as it nowhere appears when notice of it was conveyed to the Plaintiff in Error.

Under all the circumstances of this case we do not think the petition makes a case for the writ, and the application is denied.