CAMPBELL & MARTIN V. SARAH CHANDLER.

Section six of the Constitution of 1869, provides that the judge of each
district shall hold court three times a year in each county thereof, at
such times and places as may be prescribed by law ; and, as the time
must be prescribed by law, no legal court can be held excepting at such
times as the law prescribes ; and judgments rendered at any term of
court commenced at any time other than the time prescribed by law, are
mere nullities, and can confer no jurisdiction upon this court.

APPEAL from Comanche.    Tried below before the Hon. J. P.
Osterhout.

There is no occasion for a statement of the facts.

*Coke, Herring & Anderson*, for appellants.

*F. H. Sleeper*, for the appellee.

OGDEN, J.    The 35th Section of the act prescribing the
times of holding the District Courts, approved August 10th,
1870, provides that the court shall be held "in the county of
" Comanche, on the fourth Mondays in November, March, and
" July." By an amendment approved March 4th, 1871, it is
enacted in the 3d Section, "That the 35th Section of the above
"recited act be, and the same is hereby amended so as to read
"as follows : That the District Courts of the thirty-fourth judi-
" cial district shall be holden at the times hereinafter specified,
"to wit, * * * * *, in the county of Comanche, on the
" first Monday in December, April, and August;" and the 4th
Section of the amendatory act provides, "that this act take
" effect and be in force from and after its passage."

This last act in terms repealed the 35th Section of the act of
August, 1870, in so far as it prescribed the time for holding the
District Court in that county.

Section 6 of our Constitution declares that the judge of each
district "shall hold a court three times a year in each county

" thereof, at such time and place as may be prescribed by law;" and as the law must prescribe the time, no legal court can be held excepting at such times as the law prescribes.

On the 27th of March, 1871, there was no law in force prescribing the time for holding the court in Comanche county, excepting the one approved on the 4th of March of the same year, and that declared that the court should be held on the first Monday in December, April, and August. The record in this case shows that the term of the court at which the judgment appealed from was rendered, commenced its session on the 27th day of March, 1871, one week previous to the time prescribed by law for holding the court in that county. It is presumed that this court was held in ignorance of the passage of the law of the 4th of March, 1871, and in compliance with the law of 1870, which had been amended by the present existing law.

But it was held at a time unauthorized by any law then in force, and at a time when no legal court could have been held, and consequently it had no power to render any legal judgment, of which this court can take cognizance on an appeal.

This same question was before this court in the cases of Doss v. Waggoner, 3 Texas, 516, in Womack v. Womack, 17 Texas, 2, and in the case of *ex-parte* John Ireland *et al.*, decided at the last term of this court, and we discover no good reason for a departure from the doctrine enunciated in those cases. The judgment being without authority of law, is a mere nullity, and can give no jurisdiction to this court, either of the parties or subject matter of the controversy; and we have no alternative but to dismiss the appeal, which is accordingly done.

Appeal dismissed..