## David Auld, et al., v. Albert G. Smith.

RES ADJUDICATÆ, *Examples of; A Finding, Not Res Adjudicata.* Only *final* determinations upon the merits can be considered as *adjudications* amounting to *res adjudicatæ*. Final judgments are of course such adjudications; and findings of courts and verdicts of juries, and reports of commissioners or referees may also sometimes be considered as such adjudications; but they can be considered such only in cases where they themselves are *final*, or in cases where a *final* judgment has afterward been rendered upon them, sustaining and confirming them; and even when confirmed by a final judgment, they are adjudications only so far as they are necessarily included in and become a part of such judgment. Hence, where a court found as a fact that the defendants had received rents and profits, in excess of taxes paid, the sum of $470.75, but also found, as a conclusion of law, that the plaintiff was not entitled to recover the same or any part thereof in that action, and then dismissed the plaintiff's claim for rents and profits without rendering any judgment in his favor therefor, *held*, that the said finding of fact was not an adjudication between the parties amounting to *res adjudicata*, and that the same could not be used in another action as evidence in favor of the plaintiff, and against the defendants, for the purpose of obtain-

5 — 23 KAS.

ing another finding to the same effect, and a judgment thereon, although the court may have erred in the first action in its said conclusion of law, and in dismissing the plaintiff's claim for rents and profits.

### Error from Atchison District Court.

ACTION brought by *Smith* against *Auld* and two other defendants, for the rents and profits accruing from certain real estate previously in litigation between the same parties. Trial by the court at the November Term, 1877, and findings and judgment for the plaintiff. The defendants bring the case here.

*Everest & Waggener*, for plaintiffs in error.

*W. W. Guthrie*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Albert G. Smith against David Auld, W. R. Stebbins and George Scarborough, for rents and profits accruing from certain real estate previously in litigation between these same parties. (*Scarborough v. Smith*, 18 Kas. 399.) A trial was had in this action in the court below before the court without a jury, and upon the evidence introduced the court made special findings of fact and conclusions of law, and then rendered judgment upon the same in favor of the plaintiff and against the defendants for $261.85 and costs, and the defendants now bring the case to this court for review.

The defendants (who are now plaintiffs in error) object to the sufficiency of the plaintiff's petition and of the evidence, and also of the findings of the court below. For the purposes of this case, however, we shall assume that the plaintiff's petition (or rather his amended petition) was sufficient, and that it stated facts sufficient to constitute a good cause of action; but whether it was sufficient or not, may be questioned. We shall also assume, for the purposes of this case, that the findings of fact made by the court below were sufficient to uphold the judgment which it rendered thereon; but

this may also be questioned.  This leaves only the one question, whether the evidence was sufficient to sustain the findings, and the judgment rendered thereon.  The principal evidence in this case was the record of the previous case of *Smith v. Auld, Stebbins, Scarborough,* and others; and, upon the findings made and judgment rendered in that case, the findings made and judgment rendered in this case are founded. The record in that case shows that the property for which Smith now claims rents and profits belonged to Smith and Scarborough as tenants-in-common — each holding an undivided half thereof — but that Smith had been ousted from the premises, and that Auld, Stebbins and Scarborough were in possession, receiving and enjoying the rents and profits thereof.  Such portions of the findings of fact, the conclusions of law, and the judgment in that case, as are necessary to be stated in this case, to show whether the plaintiff in this case is entitled to recover upon the record of that case, are as follows: "Auld and Stebbins collected $1,825 as rent from 1868 to 1875, on the same"—that is, on said real property. (20th finding of fact.)  "Auld and Stebbins paid $1,354.25" taxes on said property. (11th finding of fact.)  "Auld and Stebbins and Scarborough went into possession of said lot on March 30, 1868, and have ever since been in possession and receiving rents, and have also paid taxes, as appears on the tax-roll thereon each year, and each year's rent has been in excess of each year's taxes, and in the aggregate has been $470.75 in such excess." (24th finding of fact.)  "The plaintiff's claim for a judgment for rents received being a matter of accounting between them (Smith, Auld, Stebbins and Scarborough), and not affecting all the parties to this action, the same cannot be determined in this action, and the same is refused.   It is sufficient here to say that the rents received are in excess of the taxes paid by them (Auld, Stebbins and Scarborough), and consequently there can be no lien against the property." (Part of conclusions of law.)  "And plaintiff also excepts to dismissal by the court of his claim for an account of rents and profits against Auld and Stebbins, and

refusal to make a decision thereon." (Part of plaintiff's exceptions.) "And the court thereupon does dismiss so much of the plaintiff's petition as demands an accounting for the rents and profits against defendants, Auld and Stebbins, and a personal judgment therein against such defendants for any excess therein found due to plaintiff." (Order or judgment dismissing plaintiff's claim for rents and profits.) Judgment was rendered in that action that the property belonged to Smith and Scarborough, and that neither Auld nor Stebbins had any lien thereon or interest therein, and that the property should be partitioned between Smith and Scarborough; "and that of the costs in the action, said Auld and Stebbins be adjudged to pay ten dollars part thereof, and each (said Albert G. Smith and George Scarborough) one-half the balance of such costs, and therefor that execution issue." No judgment, further than the said judgment or order of dismissal, was rendered concerning said rents or profits.

In the present case, the court based its findings principally upon the findings made in the previous case — finding among other things that the defendants received rents for said property amounting to $1,825, and paid taxes thereon amounting to $1,354.25, leaving in their hands the sum of $470.75, one-half of which belonged to Scarborough and the other half — to wit, $235.37 — belonged to Smith, for which sum, together with interest from May 1, 1875, amounting in the aggregate to $261.85, the court rendered judgment in favor of Smith, and against the defendants. It will be perceived that we have no evidence sustaining or supporting the findings made or judgment rendered in this case, except the findings made in said previous case, which findings are themselves not sustained or supported by any judgment rendered thereon or confirming the same. Of course we now have reference to those findings made in the first case, showing that the defendants collected rents, $470.75, in excess of the moneys which they paid out for taxes, and to those findings only. No judgment was rendered in that case for the said sum of $470.75 or any part thereof, or concerning the same,

except the judgment dismissing the plaintiff's claim therefor. Now are said unsupported and unconfirmed findings any evidence in this case? We think not. Certainly they are not original evidence of the facts set forth therein, or of the facts which they were introduced to prove. Neither are they admissions made by the defendants, for the defendants took exceptions to them at the very time when they were made, and promptly moved to set them aside, and have never admitted their truth or correctness; and it cannot be said that they are adjudications between the parties amounting to *res adjudicatœ,* for nothing but final determinations upon the merits are exalted to that preëminent distinction. (Freeman on Judgments, § 251; 2 Wharton's Evidence, § 781, and cases cited.) Indeed, they cannot be considered as evidence against the defendants under any rule of evidence with which we are acquainted. Final judgments are of course adjudications; and findings of courts and verdicts of juries, and reports of commissioners or referees, may also sometimes be considered as adjudications, but they can be considered such only in cases where they themselves are final, or in cases where a final judgment has afterward been rendered upon them sustaining and confirming them, and even when confirmed by a final judgment they are adjudications only so far as they are necessarily included in and become a part of such judgment. A finding or verdict partially sustained by a judgment and partially not, is an adjudication or evidence in a subsequent suit, only so far as it is sustained by the judgment. A thing contained in the finding or verdict, but not included in or confirmed by the judgment, cannot be considered as an adjudication or used as evidence unless some other ground can be found for its use than merely that it is contained in such finding or verdict. We would refer to the following as among the authorities which we think tend to sustain the foregoing propositions: *Donaldson v. Jude,* 2 Bibb (Ky.), 57; *McReady v. Rogers,* 1 Neb. 124; *Hawks v. Truesdell,* 99 Mass. 557; *Nash v. Hunt,* 116 Mass. 237; *Fisk v. Parker,* 14 La. An. 496; *Whitaker v. Bramson,* 2 Paine,

209; *United States v. Addison,* 73 U. S. (6 Wall.), 292; *Ridgely v. Spenser,* 2 Binney (Pa.), 70; *Collins v. Freas,* 77 Pa. St. 493, 497.

Whether or not the judgment rendered in said previous case is an adjudication between the parties to the extent of setting off the rents and profits and the taxes against each other up to the amount of the taxes, is a matter wholly immaterial in this case, for however that question might be determined there was certainly no adjudication in that case in favor of the plaintiff or against the defendants for the amount of the excess of the rents and profits over the taxes, but rather the reverse; and the judgment in this case was based solely upon the ground that there was such an adjudication in that case for said excess, and the judgment was rendered in this case solely for one-half of such excess.

The judgment of the court below will be reversed, and cause remanded for a new trial.

BREWER, J., concurring.

HORTON, C. J., not sitting, having been of counsel in the court below.