The opinion of the court was delivered by
Valentine, J.:
This was an action brought by Libbie M. Earls against her husband, Benjamin F. Earls, for alimony. The defendant answered', setting up: first, a general denial, except that he admitted the marriage alleged in the plaintiff’s petition, and that the parties were then husband and wife; and alleging, second, that the plaintiff had been guilty of extreme cruelty toward the defendant, and asking for a decree divorcing him from the plaintiff. The action was tried before the court, without a jury, on April 20, 1881; but before any decision was rendered in the case, the term of court was terminated by adjournment. Afterward, and on May 9, 1881, the judge of the court, in vacation, rendered a judgment in the case, granting to the plaintiff a portion of the alimony for which she prayed, and the custody of the children, and granting to the defendant the divorce for which he prayed, and all his lands freed from all the plaintiff’s interest therein, and ordering that the defendant pay the costs of the suit, amounting to $77.80. The plaintiff then had a notice, of her intention to prosecute proceedings in error to the supreme court, entered upon the journal of the district court; *540 and also filed a motion for a new trial, and also obtained leave from the judge of the court to make a case for the supreme court within ninety days from the rendering of the above-mentioned judgment. Such case for the supreme court was made, and served upon the defendant’s counsel on July 11, 1881. The defendant offered no suggestion of amendments to the case-made, and on July 18, 1881, the case was settled and signed by the judge of the court below, both parties being present at the time, and neither party making any objection to the case itself, or to the settling and signing thereof, except that the plaintiff’s attorney objected to the signing of the case, for the reason, as he alleged, “that no copy of the case-made was served on plaintiff.” This objection was probably in fact made by the defendant, and not by the plaintiff, though the record shows that it was made by the plaintiff. The case was in fact made by the plaintiff’s attorney, and was in fact served by him upon the defendant’s attorney, on April 11, 1881, and the plaintiff brings the case to this court.
The case was filed in this court on August 9,1881, and the plaintiff has filed with her petition in error both the original case-made, and also a copy thereof. The case-made contains all the pleadings in the case, and all the evidence that was introduced on the trial in the court below, and in fact all the proceedings that were had in the court below; and also contains the judgment that was rendered by the judge of the court below, in vacation; and it would seem that the motion filed by the plaintiff in the court below for a new trial is still pending, undisposed of, in that court. In this court, the defendant moves to dismiss the plaintiff’s petition in error on the ground that the case-made purports to be a copy, and not the original; and that the court below did not fix a time for making and serving the case, nor for suggesting amendments to the same, nor for settling the same by the judge. The motion is overruled, as we have the original case-made; and the defendant’s attorney was present at the time that the case was settled and *541 signed, and had ample opportunity to suggest any amendments that he might desire, or to ask for further time to do so, if he had so chosen.
We think the court below committed error. The decree of •divorce was granted solely upon the ground that the plaintiff Tibbie M. Earls had been guilty of extreme cruelty toward the defendant Benjamin E. Earls. Now we do not think that the evidence introduced on the trial of the case shows any such •extreme cruelty. In fact, there was more cruelty shown on the part of Benjamin F. Earls toward the plaintiff than there was on her part toward him. But it is claimed by the defendant that this court cannot review the evidence introduced in the court below, on the ground that the motion for the new trial is still pending, undisposed of, in that court. Now the motion for the new trial never had any validity. It was a nullity from the beginning. A motion for a new trial, on the ground that the decision is not sustained by sufficient evidence, must be filed during the term of the trial court, and not in vacation. (Code, § 308.) This section provides in terms that “the application for a new trial must be made at the term the verdict, report or decision it rendered.” While in the present •case the term of the court had been adjourned several days before this motion for the new trial was filed. Also the notice •of the plaintiff, entered on the journal of the district court, •of her intention to prosecute proceedings in error to the supreme court, was likewise a nullity; for § 647 of the civil code, as amended in 1881, provides that such notice shall be given in open court, while in fact this notice was not given in open court, but was given in vacation. The section provides that no proceedings to reverse or vacate a decree of divorce shall be commenced, unless within six months after the rendition of the decree; and further provides that “ such decree shall be final; and no proceedings in error to the supreme court shall be allowed or taken, unless a notice of an intention to prosecute such proceedings in error be given in open court, and noted on thejournal of the court within three days after the entry of the decree or judgment, and the petition in error and *542 transcript be filed in the supreme court within three months after the rendition of such judgment or decree.” (Laws of 1881, p. 229.) Now the district court was not in session at the time that this judgment was rendered, nor within three days thereafter, nor even within three months thereafter; and hence the plaintiff could not give the required notice in open court.
The plaintiff in- fact has gained nothing, either by her motion for a new trial or by her notice of an intention to prosecute proceedings in error; and therefore, unless she had the right to prosecute a petition in error to this court without any motion for a new trial, and without any notice of any intention of prosecuting any proceeding in error, then her present, proceedings in error are nullities, and her case should be dismissed from this court.
The judgment of the judge of the district court having-been rendered in vacation, and not during any term of the court, she had no right to file any such motion for a new trial,, or to give any such notice of an intention to prosecute proceedings in error; therefore we must consider the case as though no such motion was made and no such notice given. We think the judgment itself is a nullity. The judge1 of the court below had no power to render any judgment or decree in vacation. The statute provides for regular terms of the court to be held for the trial of causes, and it does not provide for the rendering of judgments or decrees at any time except during the term. It is perhaps true that a judgment or decree rendered during the term may be entered afterward; but that is not this case. The judgment or decree in this case was not rendered during the term of the court, but was actually rendered and entered in vacation.
Mr. Freeman, in his work on Judgments, uses the following language: “If the statute requires regular terms to be held for the trial of causes, the court in the intervals between those terms is, for the purpose of conducting trials, in the same condition as though its authority over the case were entirely withdrawn. It is no longer a court. Judicial powers *543 cannot be conferred upon it by consent of the parties; and' any judgment rendered upon a trial had in pursuance of such’ consent, is void; (Garlick v. Dunn, 42 Ala. 404; Brumley v. State, 20 Ark. 77; Galusha v. Butler, 2 Scam. 227; Ex parte Osborn, 24 Ark. 479; Hernandez v. James, 23 La. An. 483;) and is so wanting in even the color of judicial authority that it will not be reversed upon appeal.” (Wicks v. Ludwig, 9 Cal. 175; Norwood v. Kenfield, 34 Cal. 333; Doss v. Waggoner, 3 Tex. 515; Leclair v. Globenski, 4 L. C. Rep. 139; Freeman on Judgments, § 121.) See also the case In re Millington, 24 Kas. 214, holding that judicial proceedings not had at a regular and valid term of the court, are void. We-do not think it is necessary to multiply authorities to sustain this proposition, for it must be true upon general principles,, that a valid judgment cannot be rendered by a court at a time when the court as a court does not exist. While in some-states it is held that an absolutely void judgment may not be reversed upon appeal, yet we think that the judgment may in this state be reversed upon petition in error. In such a case the defendant in error claims that the judgment is not void, but that it is valid, and that he has a right to enforce it, and therefore he cannot, for the purpose of defeating the proceedings of the plaintiff in error, say that the judgment is-void and that the plaintiff’s petition in error should be dismissed; while on the other hand, the plaintiff in error may simply treat^the void judgment as a merely erroneous one, and ask that it be reversed.
Mr. Powell, in his work on Appellate Proceedings, uses the following language: “When considering the question whether proceedings in error might or should be brought or not, it should be remembered that there are some errors so-obvious and gross that they render the judgment void — a nullity, collaterally, or in any manner the question may arise, without a writ of error to reverse it. But even in such case, error for the reversal of such judgments might be sustained, and that would be the better way, as being more direct and positive. Errors of this sort are such as exist where *544 there was a failure.of jurisdiction in the court; or the want •of jurisdiction over the person of the defendant in the judgment, on the account that there has been no service of process, or appearance of the defendant, or that there was nó legal cause of action or complaint. ... In either of these instances the judgment may be treated as void, even ■collaterally; but i,t will be so far regarded as to lay the foundation of proceedings in error.” (Powell on Appellate Proceedings, p. 265, § 6. See also Moore v. Wade, 8 Kas. 361, 380.)
For the error of the court below in not rendering judgment during the term of the court, and for the error of the judge of the court below in rendering judgment in vacation, such judgment so rendered will be reversed, and the cause remanded for a new trial.
All the Justices concurring.