J. W. WINKFIELD v. G. L. BRINKMAN AND ALICE P. BRINKMAN.

SUPREME COURT—*Proceeding in Error, too Late.* Under the statute of 1881, proceedings for reversing, vacating, or modifying judgments or final orders must be commenced in the supreme court within one year after the rendition of the judgment or the making of the final order complained of, except in case the person entitled to such proceeding be under disability.

*Error from Barton District Court.*

A SUFFICIENT statement of the case appears in the opinion.

*Clayton & Clayton,* and *G. W. Nimocks,* for plaintiff in error.

*A. A. Hurd,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The petition in error filed March 16, 1883, sets forth that the judgment was rendered in this case on the

29th day of November, 1881, when the district court was not in session, and that such judgment is void therefor; it further sets forth that another pretended judgment was rendered in this case, on the 8th day of March, 1882, which, for various reasons, it avers is void also. Clearly the judgment rendered on the 29th day of November, 1881, is wholly void, and cannot be enforced. (*Earls v. Earls*, 27 Kas. 538.) But the trial court committed no error in overruling the motion for a new trial, as it did not attack the judgment upon the ground of being void; it merely challenged it as erroneous; and the motion was filed out of term time and not till December 5th, 1881. Therefore the motion as well as the judgment was void and of no effect. (*Earls v. Earls*, supra.)

Had the petition in error been filed within one year after the rendition of said void judgment, we would be authorized to reverse it. (*Earls v. Earls*, supra.) But we cannot do so now, as under the statute of 1881, proceedings for reversing, vacating or modifying judgments or final orders must be commenced within one year after the rendition of the judgment or the making of the final order complained of, except in case the person entitled to such proceeding be under disability. The plaintiff, however, may yet file his motion in the district court to set aside that judgment, upon the ground that it is void. If the motion be denied in the district court, proceedings in error may be commenced in this court within one year. The petition in error has also been filed too late for us to reverse the judgment of March 8, 1882, even if that be wholly void. No motion for a new trial was filed subsequent to the date of that judgment, and more than a year elapsed after the rendition of that judgment before the commencement of proceedings in this court. The overruling of the motion for a new trial, filed December 5, 1881, in no way aided or otherwise affected that proceeding. No complaint is made in the petition in error of the *nunc pro tunc* order of the district judge at chambers on March 15, 1883, although this order is very fully discussed in the brief of the attorneys for the plaintiff; therefore, at this time we make

no comment upon the validity of said order. However, upon proper proceedings being had in the district court to vacate that order and the judgment of March 8, 1882, the plaintiff may obtain another hearing, and if not satisfied with the decision of the district court thereon, proceedings in error can be commenced in this court to review the rulings of that court.

We have not considered the journal entry prepared by counsel on the 20th day of January, 1882, purporting to set forth the rendition of the judgment on the 10th day of November, 1881, because such journal entry was not filed until March 20, 1882, and so far as the record is concerned, does not purport to have been made with the approval of the judge, or entered with his consent, or under his direction. Indeed, the record does not show that this entry was ever made a matter of record in the journal of the district court. On the other hand, the district judge states in the case-made that the judgment was rendered on the 29th day of November, 1881, when the court was not in session, and after the court had adjourned *sine die.* If the entry of January 20, 1882, has been improperly entered on the journal of the court, upon the motion of the plaintiff, with the leave of the court, it may be stricken therefrom, and the journal corrected accordingly.

The motion to dismiss the petition in error of plaintiff must be sustained.

All the Justices concurring.