SARAH A. MITCHELL, *et al.*, V. M. H. INSLEY, *et al.*

1. RECORD—*Absolute Verity; Collateral Action.* Where the district court has jurisdiction of the parties and subject-matter of the action, and the journal of the court recites a trial and judgment in term-time, the record imports absolute verity, and cannot in a collateral proceeding be overthrown by parol testimony tending to show that the trial was had, and the judgment rendered in vacation.

2. FINDING, *When an Adjudication.* A finding of fact of the trial court cannot be considered an adjudication, or used as evidence, unless some other ground can be found for its use than merely that it is a finding of the court. (*Auld v. Smith,* 23 Kas. 65.)

3. DEED, *in Effect a Mortgage; Foreclosure; Finding; No Estoppel.* In an action of ejectment, the plaintiff, to sustain his paramount title, relied upon what purported upon its face to be a warranty deed. To defeat said paramount title, the defendant showed the deed was executed as a mortgage only. The court trying the case found, among other things, that said deed was in effect a mortgage, and that no part of the said mortgage had been paid, but rendered judgment for the defendant. In a subsequent action to foreclose said deed as a mortgage, the finding that no part of the mortgage had been paid, cannot be regarded as conclusive; therefore, the defendant in the ejectment action is not estopped from contesting the amount due on the mortgage by the findings and judgment of the former action.

*Error from Jefferson District Court.*

ACTION by *Insley* against *Mitchell* and others, to foreclose as a mortgage a certain deed. Trial at the October Term, 1883, and judgment for plaintiff. The defendants bring the case here. The material facts are stated in the opinion.

*Geo. J. Barker,* and *Harris & Harris,* for plaintiffs in error.

*Lucien Baker,* for defendant in error Insley.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are substantially as follows: On October 4, 1878, David H. Mitchell and his then wife, Martha B. Mitchell, executed and delivered to M. H. Insley their warranty deed conveying over 500 acres of land

in Jefferson county, in this state. On October 8, 1880, Insley filed his petition in the district court of Jefferson county against Sarah A. Mitchell and her tenant, James M. Kerr, for the recovery of 200 acres of the land embraced in said warranty deed. This petition followed the usual statutory form. (Code, § 595.) To this petition Sarah A. Mitchell and her tenant, James M. Kerr, filed separate answers. Each answer contained only a general denial of the allegations in the petition. The issues thus formed were submitted to the court without a jury, with a request that the court find the facts specifically, and state its conclusions of law thereon. This was done. Among other findings of fact were the following:

"That on October 4th, 1878, Sarah A. Mitchell borrowed of M. H. Insley the sum of $2,000, payable within one year from date, with interest at 12 per cent. per annum; that on the same day, David H. Mitchell and his then wife, Martha B. Mitchell, executed and delivered to M. H. Insley their warranty deed of the lands described in the petition, together with other lands, all situate in Jefferson county; that this deed was recorded in the office of the register of deeds of Jefferson county on October 5, 1878; that David H. Mitchell, at the execution of said deed, was the owner in fee simple of the land described therein; that M. H. Insley executed and delivered to David H. Mitchell a memorandum in writing, at or about the same time of the receipt of said deed, agreeing at any time within one year from date thereof to reconvey said land to David H. Mitchell, upon the payment of said sum of $2,000 with interest at 12 per cent. per annum; that the conveyance of said land was intended as security; that neither said sum of money, nor interest, nor any part thereof, had been paid to M. H. Insley; that M. H. Insley, in making said loan and in obtaining said deed, acted in good faith."

The court upon the facts concluded that the deed and memorandum of October 4, 1878, constituted a mortgage to secure the payment of $2,000; and that M. H. Insley had a lien upon the land described therein for the amount due upon the loan; and that his remedy, if any, was not by ejectment. Judgment was rendered in that action for the costs in favor of defendants, Sarah A. Mitchell and James M. Kerr. Subse-

quently, and on February 8, 1883, Insley commenced his action in the district court of Jefferson county, against David H. Mitchell, Martha B. Mitchell, Sarah A. Mitchell, V. H. Harris, W. A. H. Harris, *et al.*, to foreclose, as a mortgage, said deed of October 4, 1878, and attached to his petition the findings of fact and conclusions of law found and stated in the former action of M. H. Insley *v.* Sarah A. Mitchell and James M. Kerr.

David H. Mitchell and his wife, Martha B. Mitchell, admitted the correctness of Insley's petition and the allegations therein, by making default. Sarah A. Mitchell filed a separate answer and cross-petition, wherein she denied generally all the allegations of the petition. She also alleged that the findings of law and fact set forth in the petition were entirely foreign to the issues in the ejectment action between Insley and herself, and that the court rendering judgment in that case had no power, authority or jurisdiction to make or render any general or special judgment therein, and that the findings of law and of fact and the judgment were null and void. She further alleged, that the title to the premises was in her under and by virtue of a sheriff's deed, and that the mortgage deed of October 4, 1878, was executed with the intent to cheat and defraud her, and was void.

The defendants V. H. and W. A. H. Harris filed separate answers, which contained the same defenses as that of Sarah A. Mitchell; and further alleged that they were the owners in fee simple and in the peaceable possession of the premises described in their answers. They also alleged that the title and interest of the other defendants were wholly inferior to and void as against their title. Insley filed his replies to the various answers and cross-petitions. Trial had by the court, without a jury.

It is claimed that the district court erred and abused its discretion in refusing the motion of Sarah A. Mitchell, one of the defendants, for a change of venue. Her motion alleged that the district judge, Hon. Robert Crozier, was a material witness on the trial of the action, and disqualified to sit in the

case.  Upon the hearing of the motion, the attorneys of Sarah A. Mitchell stated she expected to prove by the district judge that the ejectment action of Insley against herself and Kerr was tried in Leavenworth city, Leavenworth county, in vacation, and not in Jefferson county; that the alleged judgment was pronounced in Leavenworth city and transmitted to the clerk of the district court of Jefferson county, to be entered as of the last day of the October term of court for 1882.  The record controverts the assertions of the attorneys of Sarah A. Mitchell, and shows the case was tried in Jefferson county, at the October term thereof for 1882.  The record imports absolute verity, and cannot in a collateral proceeding be overthrown by parol testimony; hence there was no error in refusing the change of venue, because the evidence sought to be introduced was wholly immaterial, and also for other reasons. (*In re Watson,* 30 Kas. 753.)  The objection to the admission of the record in the ejectment action on the ground that the case was tried in vacation, for a like reason is equally untenable.  *Earls v. Earls,* 27 Kas. 538, is not in conflict with this conclusion.  In that case, the fact that the judgment was rendered and entered in vacation appeared upon the face of the record, and this point was raised directly in the petition in error.

The important question for our consideration in this case is, whether all the findings of fact in the ejectment action are conclusive upon Sarah A. Mitchell in the foreclosure suit.  It is the general duty of the court trying a case to find upon all the issuable facts; yet findings which are not necessarily included in and become a part of the judgment, are not conclusive in other actions.  Even where such findings are confirmed by final judgment, they are adjudications only so far as they are necessarily included in and become a part of the judgment. (*Auld v. Smith,* 23 Kas. 65.)  "A thing contained in the finding or verdict, but not included in or confirmed by the judgment, cannot be considered as an adjudication or used as evidence, unless some other ground can be found for its use

42—33 KAS.

than merely that it is contained in such finding or verdict." (*Auld v. Smith,* supra; *McCandliss v. Kelsey,* 16 Kas. 557; *Brenner v. Bigelow,* 8 id. 496.)

In the ejectment action, Insley claimed title paramount to that of the defendants. The defendants had the right to show anything that would tend to prove or disprove the plaintiff's cause of action. (*Clayton v. School District,* 20 Kas. 256.) As all the parties in that case claimed title from David H. Mitchell, the sheriff's deed to Sarah A. Mitchell and the deed of October 4, 1878, to M. H. Insley, were directly in issue. Both of these alleged titles had to bear judicial investigation. The findings of fact were made at the request of the parties; and it is apparent from such findings that the court found that the deed of October 4, 1878, was not only executed, but further found it was not fraudulent, and that it was paramount to the sheriff's deed to Sarah A. Mitchell. In this condition of the case, to defeat Insley's title, Sarah A. Mitchell undoubtedly offered her evidence, showing that such deed was in effect a mortgage only. All the findings, except the one that no part of the mortgage or interest had been paid, were adjudications binding until reversed, and we do not think they can be attacked collaterally. We do think, however, the finding that " Said sum of money, or interest, or any part thereof, has not been paid," was not necessarily embraced in the issues or included in the judgment in ejectment. The defendants in the ejectment action defeated the paramount title of Insley when they established that his deed, upon which he relied, was a mortgage only. The makers of that mortgage were not parties in the ejectment action, and it was not only unnecessary, but out of place, to have an account taken in that action as to the actual amount of money due upon the mortgage. The amount due on the mortgage in the ejectment action was wholly immaterial. The adjudication is conclusive upon the parties that the deed was a mortgage, and, perhaps, that something was due, but not the amount; therefore Sarah A. Mitchell is not estopped by the findings and judgment in the ejectment

action from contesting the amount due on the mortgage. The trial court committed error in ruling that the finding of the amount due upon the mortgage in the ejectment action was conclusive in the foreclosure suit, and in refusing to receive evidence tending to contradict said finding.

We have not thought it necessary to refer to V. H. and W. A. H. Harris, the other defendants in the foreclosure suit, in connection with the findings in the ejectment action, because upon the trial V. H. and W. A. H. Harris claimed to own the lands described in their answers in fee simple by tax deeds, and adversely to their co-defendants. Their alleged title, if they possess any title, is superior to that of either M. H. Insley or Sarah A. Mitchell, and therefore, notwithstanding the allegations in their answer, they are not interested in the findings or proceedings in the ejectment action. They are not called upon to dispute such findings or judgment. Even if their tax deeds are defective, their claims thereunder are not interfered with in any way by the priorities of the inferior liens of the other parties.

It is not necessary to dispose of the other questions submitted, as a new trial must be had, and it is more than probable that V. H. and W. A. H. Harris will with the consent of the court amend their answers, and thus the issues may be somewhat changed at another trial.

The judgment of the district court will be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.