GUILFORD DUDLEY *et al.* v. ANNIE C. BARNEY.

No. 117.

1. NEW TRIAL—*Time for Application.* The application for a new trial must be made during the term at which the verdict was rendered, and, except for the one cause, "newly-discovered evidence," must be made within three days. In a case of newly-discovered evidence, if "unavoidably prevented," it can be made after the expiration of the three days, but not beyond the term.

2. ——— *Presumption.* Where the record fails to show that the motion for new trial was filed during the term at which the verdict was rendered, it will be presumed, for the purpose of upholding the judgment of the court below and the ruling upon the motion, that it was not made in time, and was for that reason overruled.

3. ——— *Terms of Court.* This court cannot take notice of the length of terms of district courts.

MEMORANDUM.— Error from Shawnee district court; JOHN GUTHRIE, judge. Action by Annie C. Barney against Guilford Dudley and William O. Ewing for damages for an alleged conversion of a life-insurance policy. Judgment for plaintiff. Defendants bring the case to this court. Affirmed. The opinion herein, filed September 9, 1896, states the material facts.

*Douthitt & Wolfe*, for plaintiffs in error.

*G. C. Clemens*, for defendant in error.

The opinion of the court was delivered by

GILKESON, P. J.: At the threshold of our examination we are met with an objection to a review of the errors alleged in this action, for the reason that "the record does not affirmatively show that the motion for a new trial was filed *at the term* the verdict was rendered, and for this reason it must be presumed that the motion was overruled because not filed in time." Paragraph 4403, General Statutes of 1889, (§ 308, Code,) provides:

"The application for a new trial must be made at the term the verdict, report or decision is rendered; and, except for the cause of newly-discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

As we understand this section, the application for a new trial *must* be made *during the term* at which the verdict was rendered, and must, except for the one cause of "newly-discovered evidence," be made within three days. In case of "newly-discovered evidence," if "unavoidably prevented," it can be made after the

expiration of the three days, but not beyond the term. This seems to be in harmony with the decisions of the supreme court of this state construing this section ; (*Earls v. Earls*, 27 Kan. 538 ; *Mercer v. Ringer*, 40 id. 189 ; *Powers v. McCue*, 48 id. 477 ; *Glass Co. v. Bailey*, 51 id. 192) ; and it seems to be the construction the plaintiff in error gives to it.   The record shows a verdict rendered November 8, 1890 ; motion for new trial filed November 11, 1890, and nothing further done until July 17, 1891.   So, unless this court can take judicial notice of the duration of the September term, 1890, of the district court of Shawnee county, the record not showing that the motion was filed "during the term at which the verdict was rendered," it will be presumed, for the purpose of upholding the judgment of the court below and the ruling upon the motion for a new trial, that the motion was not made in time, and that therefore the court did not err in overruling it, and that all errors occurring during the trial were waived. (*Hover v. Tenney*, 27 Kan. 133 ; *Lucas v. Sturr*, 21 id. 480.)   The plaintiffs in error concede this, but invoke judicial knowledge and appellate presumption to aid the record.   We think the rule is the other way ; judicial knowledge and appellate presumption are indulged only in aid of the ruling of the court below, not to overthrow it.

We agree with plaintiffs in error that this court will take judicial notice of the *commencement* of the *terms of court*, but we have been unable to find any authority to the effect that an appellate court will take judicial notice of the duration of the term of the court below ; but, on the contrary, the authorities are the other way.   The supreme court *cannot* take judicial notice of the length of a term of the court of common pleas. (*Kent v. Bierce*, 6 Ohio, 336).   And it is cer-

tainly well settled in this state that error is never presumed; it must always be shown; and if not affirmatively shown, it will be presumed that none was committed.

Aside from the objection made by the defendant in error, we have carefully examined the record in this case, under the assignments of error presented and urged, and fail to discover any reversible error therein.

The judgment of the court below will therefore be affirmed.

All the Judges concurring.