## THE BARBER ASPHALT PAVING COMPANY v. THE CITY OF TOPEKA.

### No. 208.

PAVING CONTRACT — *city and not taxing district immediately liable on, though tax assessable only by taxing districts.* In an action on a paving contract in writing, against a city, to recover a balance alleged to be due thereon, an answer that alleges that "the balance so sued for is for paving an eight-foot strip on Quincy Street, extending through two blocks on said street, which two blocks constitute two separate special taxing districts in the City of Topeka, and said paving being a special improvement, for which under the law the said taxing districts are alone liable, the cost of such improvement is therefore chargeable against the real property in said taxing districts, and not in any manner chargeable against the City at large," does not state a defense, and it was error for the court to overrule a demurrer thereto.

134    Paving Co. v. City of Topeka.

N. Dept.          Opinion.    Mahan, P. J.          6 Kan. App.

Error from Shawnee Circuit Court. Hon. J. B. Johnson, Judge. Opinion filed November 11, 1897. *Reversed*.

*Gleed, Ware & Gleed*, for plaintiff in error.
· *W. A. S. Bird*, City Attorney, for defendant in error.

Mahan, P. J. Upon the authority of *Dudley v. Barney* ( 4 Kan. App. 122 ), and *Hover v. Tenney* ( 27 Kan. 133 ), the motion to dismiss must be sustained unless the record discloses some error of which the plaintiff may avail itself without a motion for a new trial; because it does not appear from the record that the motion for a new trial was filed at the term of court wherein the judgment was rendered.

The assignments of error are as follows : *First*. The court erred in overruling plaintiff's demurrer to the fourth defense set up by the defendant in its answer. *Second*. The court erred in admitting evidence, etc. *Third*. The court erred in overruling the plaintiff's motion for a new trial.

The presumption being that the court overruled the motion for a new trial because it was not filed at the term when the judgment was entered, the third assignment fails ; and the second assignment cannot be considered, because the error, if any, was one occurring at the trial and was waived by the failure to file the motion for a new trial. Was the failure to file the motion for a new trial a waiver of the error in overruling the demurrer, if such order was error? Or, in other words, was a motion for a new trial necessary to authorize this court to review that order? Under the Code there are issues of law and issues of fact. § 266, Code. A new trial is the re-examination of an

PAVING CO. v. CITY OF TOPEKA.        135

Nov. 11, 1897.        Opinion.   Mahan, P. J.        E. Div.

issue of fact, in the same court, after verdict, report, or decision ; and the Code prescribes the grounds therefor. § 306, Code.  A demurrer presents an issue of law, and a judgment thereon is not reviewable upon a motion for a new trial.   It is only where the action of the court in the course of the trial of issues of fact is sought to be reviewed, that a valid motion for a new trial and order thereon by the trial court is a necessary precedent fact.  *Ritchie v. K. N. & D. Rly. Co.*, 55 Kan. 36 ; *Water-Supply Co. v. Dodge City*, 55 id. 60 ; *Nute v. Glucose Co.*, 55 id. 225.   Hence we conclude the judgment of the court in overruling the defendant's demurrer to the fourth defense may be reviewed, notwithstanding there was no motion for a new trial.   Consequently, the motion to dismiss must be denied.

The action was upon a paving contract, in writing, between the Barber Paving Company and the City, whereby the Company sought to recover an alleged balance for paving that part of Quincy Street in the City of Topeka granted by ordinance to the Rapid Transit Company for a right of way.   The fourth defense was that the two blocks of the City between which that part of the street ran, constituted two separate special taxing districts of the City ; that the paving was a special improvement, for which only the land in these districts was liable to be assessed, and therefore, the cost of such paving could not be charged generally against the property in the City ; and, therefore, the City was not liable therefor under its contract.

Does this fourth count state a defense to the plaintiff's action, if anything was due it for work under the contract?  Surely not.  The statute authorizes a city to determine when a street should be paved, and how, and authorizes it to make a contract therefor.

The contractor has no claim against the taxing districts through which such street runs, nor against the property or the owners thereof. The city must make the assessment and apportion it to the property liable therefor, and, ultimately, through the machinery provided by the State, collect the assessments and pay the contractor or the bonds of the city given in payment. The statute limits the authority of the officers of the city by requiring them, in making the assessment, to assess for these improvements by taxing districts; but it does not relieve the city from its obligation to pay as provided in its contract, and remit the contractor to the districts or owners of property for his compensation. It was error to overrule the demurrer.

The finding of the court is a general finding for the City and against the Company, so that it and the judgment for costs may be founded upon the defense of the fourth count, as well as any other contained in the answer. The judgment is reversed, with directions to sustain the demurrer to the fourth count of the answer, and award a new trial.