WILLIAM C. MILLS v. GEORGE VICKERS AND BLANCHE VICKERS.

No. 135.

1. NEW TRIAL—*record must show motion filed in time.* "Where the record fails to show that the motion for a new trial was filed during the term at which the verdict was rendered, it will be presumed, for the purpose of upholding the judgment of the court below and the ruling upon the motion, that it was not made in time, and was for that reason overruled." *Dudley v. Barney,* 4 Kan. App. 122.

2. PETITION—*examined and held sufficient.* The petition examined, and *held,* sufficient as against an objection to the introduction of evidence upon the ground that the petition fails to state facts sufficient to constitute a cause of action.

3. ——— *when not attacked by motion or demurrer, liberally construed.* Where the defendant does not attack the petition by motion or demurrer, but answers, and at the trial objects to the introduction of evidence upon the ground that the petition fails to state facts sufficient to constitute a cause of action, the petition will be liberally construed, so as to uphold it if possible.

Error from Comanche District Court. Hon. Francis C. Price, Judge. Opinion filed November 19, 1897. *Dismissed.*

*Milton Brown,* for plaintiff in error.

*T. G. Chambers* and *H. F. Mason,* for defendants in error.

SCHOONOVER, J. On the first day of September, 1890, the defendants in error filed their amended petition in the District Court of Comanche County, alleging, in substance, the conversion of certain property by plaintiff in error. A trial was had and a verdict rendered against plaintiff in error on the ninth day of March, 1892. A motion for a new trial was filed on the tenth day of March, 1892. On the twelfth day of November, 1892, the motion was overruled.

MILLS v. VICKERS.                    885

Nov. 19, 1897.      Opinion.   Schoonover, J.            W. Div.

The defendants in error now insist that this case be dismissed for the reason that it does not appear from the record that the application for a new trial was made at the term the verdict was rendered. Paragraph 4403, General Statutes of 1889, provides:

"The application for a new trial must be made at the term the verdict, report or decision is rendered; and, except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

It appears, from the language in the motion and from the file marks by the clerk of the court, that the application was made within three days after the verdict was rendered. But we are unable to discover anything in the record that would indicate that the application was made at the term the verdict was rendered, or that the term of the District Court continued after the ninth day of March, 1892.

The application was overruled on the twelfth day of November, 1892, and no reasons for the refusal of the new trial are stated.

It has been repeatedly held by the Supreme Court that "the application for a new trial must be made at the term the verdict, report or decision is rendered." Section 308, Civil Code; *Glass Co. v. Bailey*, 51 Kan. 192.

While this court has held, "Where the record fails to show that the motion for new trial was filed during the term at which the verdict was rendered, it will be presumed, for the purpose of upholding the judgment of the court below and the ruling upon the motion, that it

1. Record must show motion filed in time.

was not made in time, and was for that reason over-ruled.'' *Dudley v. Barney*, 4 Kan. App. 122.

It may be contended that this rule is too severe, but the language of the statute is very plain ; it is reasonable, and a compliance with its provisions can work no hardship to the careful practitioner.

The petition was not attacked in the trial court by motion or demurrer. Liberally construed, it is suffi-

2. Petition liberally construed. cient, as against an objection to the introduction of evidence upon the grounds that the petition fails to state facts sufficient to constitute a cause of action.

For the reasons first stated, this case will be dismissed.