BAKER v. NEWTON *et al.*

No. 191.    Opinion Filed November 23, 1908.

(98 Pac. 931.)

1.    COURTS—Supreme Court—Power to Issue Certiorari.    The Supreme Court, under section 2, art. 7, of the Constitution (Bunn's Ed. sec. 170), has power to issue the common-law writ of certiorari.

2.    CERTIORARI—Jurisdictional Errors Reviewable.    At common law, certiorari lies to inferior courts and tribunals to bring to a superior court the record for investigation as to jurisdictional errors only.

3.    SAME—Adequate Remedy by Appeal.    Certiorari will not lie from the Supreme Court to the county court under section 2, art. 7, of the Constitution (Bunn's Ed. sec. 170), where there is an adequate remedy by appeal.

(Syllabus by the Court.)

Original petition for certiorari by Charles Baker against K. R. Newton and D. W. Talbot, County Judge. Writ dismissed.

This is an original action in this court. Plaintiff, in his petition, asks that a writ of certiorari issue to the defendant, Talbot, as county judge of Ottawa county, directing him to transmit to this court the entire record in a certain cause filed in the county court of Ottawa county by K. R. Newton, plaintiff, against Charles Baker, defendant, and that upon the coming in of said record the judgment in said cause rendered be quashed, and the defendants prohibited from enforcing the same. The writ of certiorari prayed for was issued by this court on the 16th day of May, 1908, and was directed to be served upon the defendants. The defendant, Talbot, on May 29, 1908, without further return, filed in this court, as directed by the writ, all the original papers and files in said cause and a certified copy of all the docket and record entries in the lower court. Plaintiff, in his petition, sets out copies of the pleadings, process, returns, subpœnas, motions, and orders

of the court thereon, and a certified copy of the record in said cause, which appear to be substantially correct as evidenced by the original papers, and the certified copy of the record filed herein by defendant, D. W. Talbot, as county judge of Ottawa county.

Plaintiff alleges in his petition that the judgment which he seeks to have quashed was rendered by the defendant, Talbot, sitting as justice of the peace, and not as judge of the county court, and that the defendant, Talbot, issued an execution on said judgment, and that said defendant, Talbot, as county judge, is not vested with the powers of a justice of the peace in civil matters, and cannot proceed as such, and that all the proceedings in the trial of said cause were without the jurisdiction of the court trying the same, and void; and further alleges, in the alternative, that, if said cause was tried in the county court of Ottawa county, it was tried out of term time, and therefore void.

An examination of the copies of the pleadings, motions, subpœnas, and record of the lower court, either contained in plaintiff's petition, or filed as an exhibit thereto, discloses the following facts: That the action was begun in the court below by K. R. Newton's filing his petition, the caption of which is as follows: "In the County Court of Ottawa County, State of Oklahoma. K. R. Newton, Plaintiff, v· Charles Baker, Defendant. Bill of Particulars." This pleading was indorsed as follows: "Bill of Particulars; Filed 3/14/08. D. W. Talbot, County Judge." Thereupon a summons was issued upon a blank form, which bears evidence as having been prepared to be used in a justice of the peace court. By the summons issued the defendant, Charles Baker, was commanded to appear before the county judge of said county at his office, on the 18th day of March, 1908; and the same was signed by D. W. Talbot, as county judge· In the various places in said summons, where the words "justice of the peace" appear to have been printed therein, same were struck out, and the words "county judge" inserted. On the return day of the summons, defendant filed with said county judge a motion to require plaintiff to make

his bill of particulars more definite and certain and filed his answer. In these instances, as well as others, in which defendant filed any motion or pleading in the case, they were styled "Before D. W. Talbot, county judge of Ottawa county, state of Oklahoma," A jury panel was prepared by the county judge, and constable, as is evidenced by two separate pages of the panel, filed with the county judge; each page of the jury panel appears to have been made upon blanks prepared for a justice of the peace court, but are indorsed as follows: "In the County Court, K. R. Newton v. Charles Baker, filed 3/18/08. D. W. Talbot, County Judge." Several subpœnas were issued, all of which are issued in the case as pending in the county court. The summons for the jury appears also to have been issued upon a blank prepared for use in the justice of the peace court, but in each instance, where the words "justice of the peace" appear, the same were struck out, and "D. W. Talbot, County Judge," inserted, and the same is indorsed as being filed with the county judge. The verdict of the jury is indorsed as follows: "In the Justice of the Peace Court. Verdict, K. R. Newton v. Charles Baker, filed 3/18/08. D. W. Talbot, County Judge." But the caption to the verdict is : "State of Oklahoma, County of Ottawa. Before D. W. Talbot, County Judge of said County." And a certified copy of the record shows the judgment to have been entered in a case styled, "In the County Court of Ottawa County, Oklahoma, K. R. Newton v. Charles Baker."

A careful examination of the copies of the various pleadings, motions, and returns contained in plaintiff's petition clearly shows that the case was tried in the county court, under the procedure controlling in courts of the justice of the peace, and that it was not tried before D. W. Talbot as a justice of the peace. Section 1872 of Wilson's Revised and Annotated Statutes of Oklahoma of 1903 provides that probate courts of the respective counties of the territory of Oklahoma shall have and exercise the ordinary powers of jurisdiction of justices of the peace, and should, in civil cases,

have concurrent jurisdiction with the district courts in all civil cases, not exceeding $1,000, exclusive of cost, and in actions of replevin wherein the appraised value of the property does not exceed the sum of $1,000, and that the provisions of the chapter on civil procedure relative to justices of the peace and to practice and procedure in the district court shall apply to the procedure in all civil actions before said probate courts. It was repeatedly held by the Supreme Court of the territory of Oklahoma that in civil actions in the probate courts, where the amount involved was within the jurisdiction of courts of justices of the peace, the civil procedure relative to justices of the peace applied in the trial of such cases; but it was never held by that court that a probate judge, while trying such a case, sits or must sit as a justice of the peace; but, on the contrary, it was held, in *Chicago Building & Manufacturing Co. v. Pewthers,* 10 Okla. 724, 63 Pac. 964, that the probate judge, while trying such a case, did not act as an *ex officio* justice of the peace, but was at all times a probate judge, and that the probate court had the ordinary powers and jurisdiction of a justice of the peace. It appears from the proceedings had in the trial of the case that the court acted upon the assumption that the county court, under the Constitution, is the successor of the probate court of the territory of Oklahoma, and that the statutes governing the procedure in civil cases in the probate court were extended in force in the state upon its admission, and controlled and governed in civil cases in the county court, and that section 1872, *supra,* since the amount involved in the action was less than $100, and is within the jurisdiction of a justice of the peace, applied, and that the chapter on civil procedure relative to justices of the peace controlled in the trial and disposition of said case.

Plaintiff further alleges that the trial was not had and judgment rendered during any term of the county court of Ottawa county, and for this reason the judgment is void, and further contends that the civil procedure in courts of justices of the peace does not apply and govern any case in the county court. These conten-

tions do not go to the jurisdiction of the county court of Ottawa county, either as to the person or the subject-matter of the action, but go to the regularity and legality of the procedure of the court in the trial of the case

*Smith & Cooler* and *W. H. Kornegay,* for plaintiff.

HAYES, J. (after stating the facts as above). In the consideration of this case, the first question that confronts us is: What is the office of the writ of certiorari as authorized to be issued by this court under section 2 of article 7 of the Constitution (Bunn's Ed. §170)? Said section, in part, reads as follows:

"The original jurisdiction of the Supreme Court shall extend to a general superintending control over all inferior courts, and all commissions and boards created by the law. The Supreme Court shall have power to issue writs of *habeas corpus,* mandamus, *quo warranto,* certiorari, prohibition and such other remedial writs as may be provided by law, and to hear and determine the same.   *   *   * "

By section 4756 of Wilson's Revised and Annotated Statutes of 1903, the writ of certiorari was abolished, and the same did not exist as part of the jurisprudence of the territory of Oklahoma. No other reference is made to the writ in the Constitution than in the section above quoted, except in section 10, art. 7 (Bunn's Ed. § 180), where the power is conferred upon the district courts, or any judge thereof, to issue such writ. No procedure is prescribed in the Constitution, nor is it provided upon what condition the writ shall issue. By the use of this term, without any further qualifying phrase or clause than above quoted, since the law extended in force in the state contains no legislation upon the subject, except said section 4756, *supra,* which is in conflict with the Constitution, and therefore no longer in force, it must be taken that the framers of the Constitution and the people who adopted it intended to authorize the writ as it exists at common law as an aid to the Supreme Court in the exercise of its general superintending control over all inferior courts, boards, and commissions.

The Constitutions of Missouri, Michigan, and Wisconsin con-

fer upon the Supreme Courts of those states, in language very simi-
lar to that used in our construction, quoted above, the power to
issue writs of certiorari, and the language of said provisions in
those Constitutions, or similar language, used in conferring like
power upon the district courts of some of those states, has been
frequently construed by the highest courts of those states, and has
been held to authorize the writ of certiorari, as it exists at com-
mon law. *State ex rel v. Dobson,* 135 Mo. 1, 36 S. W. 238; *State
ex rel. v. Shelton, Judge,* 154 Mo. 670, 55 S. W. 1008, 50 L. R. A.
798; *Hannibal & St. Joseph R. R. Co. v. State Board of Equaliza-
tion,* 64 Mo. 294; *State ex rel. v. Chittenden,* 127 Wis. 468, 107
N. W. 500; *State ex rel. v. Williams,* 123 Wis. 61, 100 N. W.
1048; *Wardsworth v. Sibley,* 38 Wis. 484; *Specht v. Detroit,* 20
Mich. 170; *Thompson v. School District Number Six,* 25 Mich.
483; *People ex rel. v. Judge of St. Clair Circuit,* 32 Mich 95.

The office of the writ of certiorari at common law is to bring
up the record from an inferior court or tribunal to a superior court
for investigation as to jurisdictional errors only. *Harris v. Barber,*
129 U. S. 366, 9 Sup. Ct. 314, 32 L. Ed. 697; *Hamilton v. Town
of Harwood,* 113 Ill. 154; *Miller et al. v. Trustees of School,* 88
Ill. 26, 2 Spelling on Extraordinary Relief, pp. 1891-1915. The
county court of Ottawa county had jurisdiction of the subject-
matter of the action filed therein, and if there were any irregular-
ities in the summons or the service thereof, when plaintiff, who
was defendant in that court, appeared, filed his answer, and pro-
ceeded to trial without objection, that court acquired jurisdiction
of the parties. Plaintiff's contentions all go to the alleged irregu-
larities and illegal procedure of the court in the trial of the case,
but these alleged errors cannot be reviewed in this proceeding, be-
cause plaintiff has a plain, speedy, and adequate remedy by appeal.

Certiorari, at common law, is an extraordinary and severe rem-
edy, and does not lie where there is an adequate remedy by appeal;
*Alabama Great Southern Ry. Co. v. Christian,* 82 Ala. 307, 1 South.
121; *Philip Farrell v. Taylor,* 12 Mich. 113; *Clary v. Hoagland,*

13 Cal. 174; *Alexander Wood v. Myrick,* 9 Minn. 149 (Gil. 139) ; *Ennis v. Ennis,* 110 Ill. 78; *Miller v. Trustees of School, supra,*

And the rule announced in these opinions is in harmony with the general rule as laid down in volume 4, p. 5, Encyclopedia of Pleading and Practice.

Under sections 4743 and 4748 of Wilson's Revised and Annotated Statutes of 1903, an appeal may be taken from any judgment or final order of the district court to the Supreme Court, within one year after the rendition of any such judgment or final order complained of.  Section 15, art. 7 of the Constitution (section 187, Bunn's Ed.), grants the right of appeal to the Supreme Court from judgments in all civil cases originally brought in the county court, in the same manner, and by a like proceeding, as appeals are taken from the district courts to the Supreme Court. Plaintiff is therefore afforded a plain, speedy, and adequate remedy by appeal from the judgment rendered in the county court of which he complains, which he may exercise at any time within one year from the rendition thereof.  The period of time within which he can take his appeal has not yet expired; nor will plaintiff be defeated of this right of appeal if the judgment rendered in the county court is void, which we do not determine, for the reason, as contended by him, that it was not rendered in term time.  The decided weight of authorities is that appeal will lie from a void judgment.  2 Cyc. 590, and authorities there cited.  It is true that courts of some jurisdictions have held that a judgment rendered in vacation is so wanting in color of judicial authority that an appeal will not lie therefrom.  *Campbell & Martin v. Chandler,* 37 Tex. 32; *Doss v. Waggoner* 3 Tex. 516; *Staab v. Atlantic & Pacific Ry Co.,* 3 N. M. 349, 9 Pac. 381; *Brimley v. State,* 20 Ark. 77; *Backer et al. v. Eble et al.,* 144 Ind. 287, 43 N. E. 233.  But the Supreme Court of Kansas, from which state the Code of Civil Procedure now in force in this state was adopted by the territory of Oklahoma, repeatedly held, prior to the adoption by the territory of Oklahoma of said Code, that a judgment rendered out of

term time, though void, is one from which an appeal will lie. *Earls v. Earls*, 27 Kan. 538; *Brinkman v. Shaffer*, 23 Kan. 528; *Winkfield v. Brinkham*, 31 Kan. 26, 2 Pac. 113; *Atchison, Topeka & Santa Fe Ry. Co. v. Keller*, 31 Kan. 439, 2 Pac. 771; *Mitchell et al. v. Insley*, 33 Kan. 654, 7 Pac. 201.

Plaintiff alleges in his petition that, after the rendition of judgment in the trial court, he gave notice of an appeal to the district court but was informed by the defendant, Talbot, that no appeal would lie to the district court, and that thereupon he gave notice of appeal to the Supreme Court, and was informed by the defendant, Talbot, that the amount involved was less than $100, and no appeal to the Supreme Court would be allowed. It has not been made to appear to us how, in any manner, this action of the county judge could have the effect to prevent plaintiff from appealing from said judgment. Plaintiff is not required by the statute to give notice to the county court of an appeal from its judgment where such appeal is desired, nor is it necessary to have such appeal allowed by the court. To perfect his appeal plaintiff is required to prepare his record as provided by the satute and file it with his petition in this court within one year from the rendition of the judgment in the trial court, and that time has not yet expired.

After a careful consideration of all the matters set forth in plaintiff's petition, supplemented by the original papers and record of the case in the county court filed herein by defendant, Talbot, and after a careful review of the authorities, we are of the opinion that the writ in this case was improperly issued, and should be dismissed of the court's own motion, and it is so ordered.

All the Justices concur.