ANTON OZORKIEWICZ, *Appellant,* V. THE CARR COAL
MINING AND MANUFACTURING COMPANY, *Appellee.*

No. 16,691.

SYLLABUS BY THE COURT.

1. MINES AND MINING—*Injury to Employee—Neglect to Provide
Props Required by Law—Question of Fact.* Where, in an
action by an employee of a coal company to recover damages
for personal injuries received by him in the coal mine, the issue
in controversy is whether or not the operators of the mine
violated the law by neglecting to furnish the plaintiff with
suitable props as required by the statute, and the evidence is
conflicting, a question of fact is presented which ought to be
submitted to the jury and not decided upon a demurrer to the
evidence.

2. ———— *"Willful" Neglect to Comply with Statute Requiring
Suitable Props—Question of Fact.* Where in such a case it is
claimed that such failure to comply with the law was willful,
which claim is denied, this also presents a question of fact
which ought to be submitted to a jury; and it is held that,
under the evidence produced in this case, it was error to de-
cide these questions upon a demurrer to the evidence.

Appeal from Leavenworth district court. Opinion
filed December 10, 1910. Reversed.

*F. P. Fitzwilliam,* for the appellant.

*A. E. Dempsey, J. C. Rosenberger,* and *Kersey Coates
Reed,* for the appellee.

The opinion of the court was delivered by

GRAVES, J.: This is an action to recover damages
for personal injuries received by the plaintiff while en-
gaged as an employee in the coal mine of the defendant
company. The trial was had in the district court of
Leavenworth county, where a demurrer to the evidence
of the plaintiff was sustained, and he brings the case
here. While the plaintiff was at work the roof of his
room fell upon him and inflicted serious injuries. In
that mine the roof is composed of slate and loose stone,
which, unless securely propped, are liable to fall and

injure the miners. The roof is propped with timbers cut the proper length and size, which the miners place under the roof to hold it in position. These props are placed within convenient reach of the miner, so that he can get them and put them in proper place, when needed, without unreasonable loss of time. At the time of the injury and for several years prior thereto there was a statute for the purpose of regulating the operation of mines and prescribing the duty of the operators in regard to the protection of employees. This statute reads, in part, as follows:

"In order to better secure the proper ventilation of every coal mine and promote the health and safety of the persons employed therein, the owner, agent or operator shall employ a competent and practical inside overseer, to be called 'mining boss,' who shall keep a careful watch over the ventilating apparatus, the airways, travelingways, pumps and pump timbers and drainage, and shall see that as the miners advance their excavations all loose coal, slate and rock overhead are carefully secured against falling in upon the travelingways. . . . And every mine shall be supplied with sufficient prop timber of suitable length and size for the places where it is to be used, and kept in easy access to.

"For any injury to person or property occasioned by any violation of this act, or any willful failure to comply with its provisions by any owner, lessee or operator of any coal mine or opening, a right of action against the party at default shall accrue to the party injured for the direct damage sustained thereby; and, in any case of loss of life by reason of such violation or willful failure, a right of action against the party at fault shall accrue to the widow and lineal heirs of the person whose life shall be lost for like recovery of damages for the injury they shall have sustained." (Laws 1883, ch. 117, §§ 6, 12, Gen. Stat. 1909, §§ 4987, 4992.)

The petition contained the following allegations of negligence:

"And then and there willfully, wrongfully, carelessly and negligently failed to provide the said coal mine, and the roofing of the said coal mine, and this plaintiff, with

sufficient prop timber of suitable length and size for the place where the plaintiff was to use the same, and to keep such prop timber in easy access to for the use, safety and care of this plaintiff."

The coal shaft was from 700 to 800 feet deep. About 150 miners were at work in the mine. The mines were so extensive that an underground "boss" was necessary to see that the requirements of the law were obeyed. Among these requirements was the one that the men mining coal should be supplied with props such as were suitable and sufficient in kind, and easy of access. Whether this requirement was complied with was manifestly a question of fact, and should have been submitted to the jury. It was error to decide it upon a demurrer to the evidence. It can not be said that there was no evidence tending to support the allegations of the petition. The plaintiff repeatedly requested the "boss" to furnish props, which was not done. There was abundant evidence upon which this question might have been submitted to a jury.

The question of willfulness, as presented here, was also a question of fact. The cases are not entirely harmonious as to what the word "willfully," as used in the statute, means, and it does not appear what view the trial court took, and we therefore do not express an opinion upon it; but because of the error already mentioned the judgment of the district court is reversed and a new trial ordered.