No. 18,683.

LOUISE LEROY, *Appellee*, v. THE MISSOURI, KANSAS &
TEXAS RAILWAY COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. DEATH BY WRONGFUL ACT—*Violation of Mining Act—Failure to Supply Suitable Prop Timbers.* In an action against the owner of a coal mine for the wrongful death of a miner, where the alleged negligence was the failure of defendant to comply with a provision of section 6 of chapter 117 of the Laws of 1883 (Gen. Stat. 1909, § 4987), which requires that underground mines shall be supplied with prop timber of suitable length and size and easy of access, it was shown that the defendant established its own method of conducting the operations of the mine, and that the custom was for the driver to receive and forward requests for props and deliver the prop timbers to the miners; that the deceased requested props from a driver who neglected to forward the request or to deliver the props, and that his failure so to do occasioned the death of the deceased. *Held*, that the primary duty of the defendant was to furnish suitable props and keep them easy of access to the miners, and it can not be permitted to avoid its liability for failure to comply with the statute because some agency employed by it proved untrustworthy. (*Cheek v. Railway Co.,* 89 Kan. 247, 131 Pac. 617.)

2. SAME—*Willful Violation of Statute—Evidence.* The evidence examined and held sufficient to show a willful violation of the statute and to support the special findings and verdict.

3. SAME—*Contributory Negligence No Defense under Mining Act.* In such an action contributory negligence is not available as a defense. (*Cheek v. Railway Co.,* supra.)

4. SAME—*Primary Duty of Mine Owner—No Demand Required.* The statute in question does not require that a demand for props must be made by the miner and served upon the owner or boss of the mine before the obligation of the statute arises.

Appeal from Cherokee district court; EDWARD E. SAPP, judge. Opinion filed February 7, 1914. Affirmed.

*W. W. Brown, John Madden, James W. Reid,* all of Parsons, and *Al. F. Williams,* of Columbus, for the appellant.

*C. A. McNeill, E. V. McNeill,* both of Columbus, and *W. H. Lucas,* of Mineral, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The plaintiff's son, nineteen years of age, was killed while at work in an underground coal mine owned and operated by the defendant. His death was caused by the fall of a heavy rock from the roof of the room in which he was at work. The mother recovered a judgment of $2000, from which the defendant has appealed.

The only negligence alleged is the violation of the statute (Laws 1883, ch. 117, § 6, Gen. Stat. 1909, § 4987) which requires that mines of this character shall be supplied with prop timber of suitable length and size, and easy of access. The defendant demurred to the evidence, requested an instructed verdict, moved for judgment on the special findings, and also for a new trial; the court ruled against defendant on all these matters, and the principal contentions raised by the appeal are, that the plaintiff failed to show that deceased had made a request of defendant for props; that there was no evidence of a willful violation of the statute, and further, that the evidence shows that the injury was caused by the negligence of the deceased.

All these contentions have been foreclosed, either by the facts which the jury determined against the defendant, or by former decisions of this court, to which brief reference will be made. In *Ozorkiewicz v. Carr,* 83 Kan. 473, 112 Pac. 135, where the alleged negligence of the defendant was the failure to comply with this provision of the statute, a judgment sustaining a demurrer was reversed on the ground that both the question as to whether the defendant had violated the law by neglecting to furnish suitable props as well as the

question whether such failure was willful was for the jury to determine, and that it was error to decide these questions upon a demurrer to the evidence. The claim of contributory negligence is based upon the fact that the rock which fell was called a "pot rock," which experienced miners know is liable to fall at any time; that Henry LeRoy was an experienced miner and knew the danger of the rock falling, and therefore was guilty of contributory negligence in remaining at work in a position in the room where, if the rock fell, it would injure him. If contibutory negligence were a defense to an action under this statute, the question whether he was negligent was one which the jury have also determined against the defendant.

In the special findings they say that it was necessary for him to be all over the room in the performance of his duty, and they find that he did not consider the rock unsafe without propping, although he had requested that props be furnished. But contributory negligence is no more available as a defense under the mining statute than under the factory act. (*Caspar v. Lewin*, 82 Kan. 604, 629, 109 Pac. 657; *Cheek v. Railway Co.*, 89 Kan. 247, 131 Pac. 617; *Slater v. Railway Co.*, ante, p. 226, 137 Pac. 943.)

The purpose of the legislature was to prevent as far as possible the awful toll of death and disaster occasioned by carelessness and indifference on the part of mine operators in failing to take proper measures for the safety of their employees in underground mines.

The findings are, that at this mine, and in other mines in the district, the general supply of props is kept at the top of the mine. Usually a supply is kept, also, at what is known as the "parting" of the entries. It is the custom for a miner, when he desires props, to notify his driver, and for the driver to request the props from the boss driver, who is stationed at the "parting." The boss driver then furnishes to the driver the props from the supply kept there or, if

necessary, obtains them from the general supply. The driver loads the props on his car and delivers them to the miner at the room where they are wanted. This had long been the custom and was well known to all the employees of defendant. On the morning previous to the accident Henry LeRoy requested from his driver that props be furnished him 2 ft. 10 in. long. They were not supplied. He made another request to the same effect to the driver on the morning of the accident, about half an hour before the rock fell. The driver testified that he communicated the request to the boss driver, but the jury disbelieved his testimony and found that he had not communicated it to any one. The jury find further that if the request had been complied with Henry LeRoy would have used the props for the purpose of preventing the fall of the rock in question.

There is no provision in the statute that a demand must be made by the miner and served upon the owner or boss of the mine before the obligation of the statute arises. The provision is that the mine shall be supplied with prop timber of suitable length and size and kept easy of access. As said in the Ozorkiewicz case, "whether this requirement was complied with was manifestly a question of fact" (83 Kan. 475), for the jury to determine.

The point is made that there was no evidence showing willfulness on the part of the defendant in failing to comply with the provision of the statute. Section 12 of the original act (Gen. Stat. 1909, §4992) gives a cause of action for loss of life "occasioned by any violation of this act, or any willful failure to comply with its provisions by any owner, lessee or operator," and the defendant insists there was no evidence showing willfulness in failing to comply with the provisions of the statute. The defendant established its own method of conducting the operations of this mine, including the method and means for complying with its statu-

tory obligation in respect to furnishing prop timber. It made the driver its agent to receive and forward requests for props and to deliver the props to the miners. It must have realized that drivers were likely to become careless and indifferent, and at times would fail to perform these duties. Having chosen the method by which the mine was operated, it is responsible for a failure resulting from any deficiency in the means by which its statutory obligation was to be complied with. Its primary duty was to furnish suitable props and keep them easy of access to the miners, whose safety and lives depended upon the performance of this duty; and it can not be permitted to avoid its liability for failure to comply with the statute because some agency employed by it has proved untrustworthy.

The legal question involved in this contention has already been decided adversely to defendants in *Cheek v. Railway Co.*, 89 Kan. 247, 131 Pac. 617. An instruction was approved in that case which told the jury "that a corporation must act through agents; that if a duty which the corporation must perform be delegated to one of its agents, he becomes a vice principal, taking the place of the corporation itself; and that the corporation is liable if he fails to perform the duty delegated to him." (p. 269.) In the opinion "willful failure" as employed in the section of the statute now under consideration was construed and the law was declared as follows:

"In the case of omissions neither bad purpose nor determined obstinacy is essential to create liability, and if one charged with the duty to observe the statute intentionally suffer mining operations to proceed without taking prescribed precautionary measures, he is guilty of a willful failure within the meaning of the law." (Syl. ¶ 8.)

We find no error in the record and the judgment is affirmed.