### *In re* ALLIE HEWES.

**No. 11,811.**    (62 Pac. 673.)

JUDGE PRO TEM.—*Failure to Take-Oath Immaterial.* The judgments of a judge *pro tem.* elected by the bar are not void because he failed to qualify by taking the oath of office.

Original proceeding in *habeas corpus*. Opinion filed November 10, 1900. Petitioner remanded.

*Fairchild & Foley,* and *Milton Brown,* for petitioner.

*A. A. Godard,* attorney-general, and *J. S. West,* for respondent.

*Per Curiam:* The petitioner, Allie Hewes, a boy, pleaded guilty to a charge of manslaughter and was sentenced to the state reformatory. The proceedings were had in Kingman county, in the twenty-fourth judicial district, before Hon. Francis C. Price, judge of the thirty-first judicial district, sitting as judge *pro tem.* Hon. P. B. Gillett, judge of the twenty-fourth district, was disqualified to sit in a number of cases pending in Kingman county, among them being the one against Hewes. He therefore proceeded, under chapter 108 of the Laws of 1897 (Gen. Stat. 1897, ch. 95, § 51; Gen. Stat. 1899, § 4302), to procure the attendance of Judge Price to preside in his court in Kingman county for the trial of the cases in which he was disqualified to sit. Judge Price attended. In addition to the authority supposed to be conferred upon him under the provisions of the law of 1897, he was duly elected judge *pro tem.* by the members of the bar of Kingman county. The proceedings showing his election by the bar and his qualification as judge *pro tem.* in pursuance of the election are all shown in the record before us, except that such record fails to show that he took and subscribed to the oath of office as judge *pro tem.*

The petitioner's claim for discharge is based upon objections to the jurisdictional authority of Judge Price, under the provisions of the law of 1897, before mentioned. He argues that Judge Price held the Kingman county district court under said law as judge of the thirty-first judicial district, and that he could not

19—62 KAN.

lawfully do so, because, under the constitution, his authority was confined to the district in which he was elected and in which he must reside; hence, as the petitioner claims, the law of 1897 assuming to confer authority upon the judge of one district to hold court in another is unconstitutional.

The attorney-general admits that the law of 1897 is unconstitutional, but for a wholly different reason than the one assigned by the petitioner. He argues that it is unconstitutional because the subject of the act is not expressed in its title. Its title is: "An act to amend section 4 of chapter 28, General Statutes of 1868, by providing for the interchange of judges in the several judicial districts of the state." The act, however, purports to be amendatory of section 2, chapter 87, Laws of 1870, which law of 1870 was amendatory of section 56 of chapter 80 of the General Statutes of 1868.

As we view the case, it is not of necessity determinable upon either of the alleged grounds of unconstitutionality. Judge Price's authority to hold the Kingman county court was derivable from his election as judge *pro tem.* by the members of the bar. His failure to subscribe to an oath of office as judge *pro tem.*, if he did fail, did not render his judgments void. They were at the most voidable, and not subject to collateral attack. He was at least a judge *de facto;* and besides, if his acts were voidable it devolved upon the petitioner to show as a reason for the discharge that the judge failed to take the oath. The record does not show that he failed to take it. It is merely silent.

The petitioner, as a further reason for discharge, claims that he was under sixteen years of age, and,

therefore not amenable to sentence to the state reformatory. The record does not show that he was under that age.

It is ordered that the respondent have judgment and that the petitioner be remanded.