No. 23,449.

E. H. PARVIN, *Appellant,* v. CHARLES O. JOHNSON, *Appellee.*

SYLLABUS BY THE COURT.

1. JUDGE PRO TEM—*Failure to Take Official Oath—De Facto Judge.* One who exercises the powers and duties of judge *pro tem* under an election by the bar of the district court and with the recognition and acquiescence of the other officials of the court, is a *de facto* judge and his official acts are valid and binding notwithstanding his failure to take the oath of office as provided by statute.

2. SAME—*New Trial Erroneously Granted.* In a case tried before a judge *pro tem* defendant failed to appear and judgment went against him. Four days thereafter he filed a motion to set aside the judgment and grant a new trial. The judge *pro tem* sustained the motion on the sole ground that the judgment was void because of his failure to take and subscribe to his oath of office. *Held,* error.

Appeal from Hodgeman district court; ALBERT S. FOULKS, judge *pro tem.* Opinion filed January 7, 1922. Reversed.

*L. A. Madison,* and *Carl Van Riper,* both of Dodge City, for the appellant. *Albert H. Wilson,* of Jetmore, for the appellee.

The opinion of the court was delivered by

PORTER, J.: This is an appeal by the plaintiff from an order setting aside a judgment in his favor and granting a new trial. The action was one to recover damages to growing crops, stacked hay and other feedstuff by trespassing cattle belonging to defendant. Plaintiff asked for damages in the sum of $2,740. The defendant answered with a general denial and a cross-petition alleging that on the 15th day of November, 1918, plaintiff took up fifty-four head of defendant's cattle claiming to act under the provisions of the herd law, which was in force in Hodgeman county, but that plaintiff commenced no action to recover damages until August 28, 1919; that in November, 1918, the defendant went to the plaintiff's place where the cattle were confined and demanded possession of them

and offered to pay for all damages committed by them but that plaintiff refused payment and refused to allow defendant possession of the cattle; that the cattle were large steers which the defendant expected to sell and market about December 1, 1918; that plaintiff retained possession of them through the winter of 1918-'19, and failed to properly feed and care for them and afterwards turned them loose with the result that about 20 head of them died or strayed away and were not recovered by the defendant. He prayed for judgment against the plaintiff in the sum of $3,090 and costs. The plaintiff filed a general denial in reply.

Before the next term of court defendant's attorney, Honorable Roscoe H. Wilson, had become the district judge and was disqualified to sit in the case. The Honorable Albert S. Foulks, who had previously been the district judge, was elected by the bar of Hodgeman county judge *pro tem* to try all cases in which Judge Wilson was disqualified. On the 16th day of December, 1920, this case was called for trial. The defendant was not present, and plaintiff took judgment for the full amount prayed for in his petition. Four days later the defendant filed a motion asking for a new trial, alleging accident and surprise which ordinary prudence could not have guarded against; illness whereby he was not afforded a reasonable opportunity to be present at the trial; and as a further ground he alleged that before proceeding to the trial of the case, the judge *pro tem* failed to take and subscribe the oath required to be taken by the regular judge. The judge *pro tem*, at chambers, after hearing the evidence offered in support of the motion entered an order setting aside the judgment and granting a new trial, on the sole ground that he had failed to take and subscribe to the oath in accordance with provisions of section 2964 of the General Statutes of 1915.

The only question raised by the appeal is whether the ground upon which the court sustained the motion was a sufficient cause for setting aside the judgment and granting a new trial. The ruling cannot be upheld. There was nothing irregular in the manner of the selection of the judge *pro tem*, and it has been held that a judge *pro tem*, who assumes to act, is a *de facto* judge and that his acts are valid and binding. In *In re Hewes*, 62 Kan. 288, 62 Pac. 673, it was ruled:

"The judgments of a judge *pro tem*, elected by the bar are not void because he failed to qualify by taking the oath of office." (syl.)

It was said in the opinion that the authority of the judge *pro tem* to hold court was derivable from his election by the members of the bar. "His failure to subscribe to an oath of office as judge *pro tem*, if he did fail, did not render his judgments void." (p. 290.) The case is not directly in point for the reason that the attack upon the jurisdiction was a collateral one and the record failed to show affirmatively that the judge *pro tem* did not take the prescribed oath.

In *Higby v. Ayres and Martin*, 14 Kan. 331, it was held that where the action is tried in the district court before a judge *pro tem* and no question is raised as to his power or authority, the question cannot be raised for the first time in the supreme court. (To the same effect see *City of Wellington v. Wellington Township*, 46 Kan. 213, 26 Pac. 415.)

There was nothing irregular in the manner of the selection of the judge *pro tem* and it has been held that where a judge *pro tem* assumes to act as such and he is recognized as the judge *pro tem* by the regular officials of the court and by the bar, his acts are valid and binding. The record shows affirmatively that the authority of Judge Foulks to sit as judge *pro tem* was not questioned in any of the cases he tried and that he was recognized by the regular judge and by the other officials of the court as a judge *pro tem* duly elected. The plaintiff was willing to submit his cause of action to the judge *pro tem*, and the defendant, having made no appearance at the trial, cannot now be heard to say that he did not consent. His challenge to the jurisdiction of the judge *pro tem* was not made until after the lapse of more than three days without the filing of a motion for a new trial.

"As a general rule a special judge who has been chosen and takes possession of the office becomes a *de facto* judge, provided that the selection of a special judge is authorized by law, and his acts are valid until reversed or set aside by direct proceedings. But where the authority of a *de facto* judge acting under color of a temporary appointment is promptly challenged in a proper method, the question of the validity of his appointment must be decided." (23 Cyc. 616.)

The things required in order to constitute an officer *de facto* are stated in the opinion in a leading case in these words:

"An officer *de facto* is one whose acts, though not those of a lawful officer, the law, upon principles of policy and justice, will hold valid, so far as they involve the interests of the public and third persons, where the duties of the office were exercised: 1. Without a known appointment or election but

under such circumstances of reputation or acquiescence as were calculated to induce people without inquiry to submit to or invoke his action, supposing him to be the officer he assumed to be. 2. Under color of a known and valid appointment or election, but where the officer had failed to conform to some precedent requirement or condition, as to take an oath, give a bond, or the like." (*State v. Carroll,* 38 Conn. 449, syl. ¶ 3.)

(Followed and approved in *Railway Co. v. Preston,* 63 Kan. 819, 823, 66 Pac. 1050.)

Here, under a known and valid appointment, Judge Foulks exercised the powers and duties of a judge *pro tem,* but failed merely to conform to the requirement of taking the oath prescribed by the statute. Being in all respects a *de facto* judge *pro tem,* his official acts cannot be questioned by a motion for a new trial filed after more than three days had expired from the rendition of the judgment.

While the ruling granting a new trial requires a reversal, the statute gives the defendant an ample remedy if he can bring himself within the provisions of section 597 of the code (Gen. Stat. 1915, § 7501) which permits him, within two years after the judgment was rendered, to bring a separate action to vacate the judgment for unavoidable casualty or misfortune preventing him from defending the original action.

The judgment will be reversed and the cause remanded with directions to set aside the order granting a new trial.